Jody Lewis **FORTIER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 07–02–0139–CR.

Court of Appeals of Texas, Amarillo.

April 16, 2003.

Opinion Overruling Rehearing June 10, 2003.

Paul Herrmann, R. Walton Weaver, Amarillo, for appellant.

Rebecca King, Amarillo, Potter County Dist. Atty., for State.

Before JOHNSON, C.J., QUINN, J. and BOYD, S.J.*

## ON MOTION FOR REHEARING

BRIAN QUINN, Justice.

Pending before the court is the motion of Jody Lewis Fortier, appellant, for re-hearing. Appellant questions whether the judgment is void since he was "sentenced ... pursuant to a first degree offense punishment range even though he was only charged with and found guilty of a second degree felony." We grant the motion for rehearing, reverse that portion of the judgment levying sentence and punishment, and remand the cause for a new punishment hearing.

### Background

In reviewing the record, we see that appellant was charged by indictment with burglary of a habitation, a second degree felony. *See* TEX. PENAL CODE § 30.02(c)(2). In an attempt to elevate the applicable punishment to that of a first degree felony, the State added two enhancement paragraphs in the charging instrument. One involved a purported conviction for burglary of a building and the other, a conviction for unlawfully using a motor vehicle (UUMV). At the initial plea hearing, the trial court admonished appellant that the crime for which he was indicted constituted a second degree felony and involved a term of imprisonment from two to 20 years. Appellant was also told that if either of the enhancement allegations were found true, the punishment assessed would be that applicable to a felony of the first degree, *i.e.* five to 99 years in prison. Thereafter, the State announced that it was waiving the enhancement paragraph involving the burglary of a building, and appellant then plead true to the UUMV conviction. However, no sentence was levied for the trial court deferred appellant's adjudication of guilt and placed him on community supervision.

Several months lapsed, then the State moved to adjudicate appellant's guilt. A hearing was convened. During the pro-

---

* John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2003).

ceeding, the trial court admonished appellant that if his guilt were adjudicated, it could "sentence [him] to the maximum allowed by law for this offense." That maximum, according to the court, consisted of "up to 20 years in prison and a $10,000 fine."[1] Upon being so admonished, appellant pled true to various of the allegations contained in the State's motion. At that point, the trial court adjudicated him guilty of the "offense of burglary of a habitation *once enhanced* ...." (Emphasis added). And, though the prosecution requested that appellant be imprisoned for 25 years (which was a term exceeding the maximum allowable for a second degree felony), the trial court assessed 17 years. Yet, it did so after reiterating that the crime for which he was being punished was *"once enhanced."* (Emphasis added).

### Discussion

█ Appellant argues that the UUMV conviction used as a basis to enhance his punishment involved a state jail felony. As such, it allegedly could not be used for enhancement purposes, and because it was, his sentence was void. We disagree with the proposition that the sentence was void. However, we hold that the trial court committed error in considering it for enhancement purposes.

The crime for which appellant was convicted and sentenced below, *i.e.* burglary of a habitation, was a second degree felony. Tex. Penal Code Ann. § 30.02(c)(2). Furthermore, the range of punishment applicable to it consisted of imprisonment from two to 20 years plus a fine of up to $10,000. *Id.* at § 12.33(a). On the other hand, the range of punishment applicable to a felony of the first degree consisted of

a term of imprisonment from five to 99 years plus a fine not to exceed $10,000. *Id.* at § 12.32(a). Since the trial court assessed a term of imprisonment of 17 years and a fine of $1500, it is clear that the sentence fell within the range applicable to second degree felonies per § 12.33(a). Given that, it did not lack the authority to assess that which it ultimately did, irrespective of whether appellant's punishment was enhanced. And, because we cannot say that the trial court lacked the authority to levy such a sentence, neither the sentence nor the judgment is void. *Nix v. State,* 65 S.W.3d 664, 667–68 (Tex. Crim.App.2001); *Heath v. State,* 817 S.W.2d 335, 339 (Tex.Crim.App.1991) (describing when a sentence is void).

Yet, it is equally clear that the prior conviction which the prosecution intended to use for enhancement purposes, *i.e.* appellant's conviction for UUMV, constituted a state jail felony.[2] Tex. Penal Code Ann. § 31.07(b). Similarly indisputable is that a state jail felony cannot be used to enhance the punishment generally applicable to a second degree felony to that of a first degree felony. Tex. Penal Code Ann. § 12.42(d). So, the trial court could not lawfully consider the UUMV conviction to enhance appellant's punishment. Yet, the record discloses that it did. Again, it twice mentioned the phrase "once enhanced" in describing the crime for which it found appellant guilty and intended to punish him. And, given that the State previously waived the other prior conviction mentioned in the indictment, the court could only have been referring to the UUMV conviction when uttering the phrase "once enhanced."

---

1. The range mentioned happened to be that applicable to a second degree felony. *See* Tex. Penal Code Ann. § 12.33 (Vernon 2002).

2. Again, two enhancements were averred in the indictment. The one pertaining to burglary of a building was waived by the prosecutor. The other, pertaining to UUMV, was not.

■ In short, the record discloses that the trial court considered the state jail felony as basis to enhance punishment. This it could not do. Thus, it erred. Moreover, nothing of record provides basis upon which to reasonably infer that the same sentence would have been levied had the UUMV conviction not been considered. Again, the trial court twice alluded to the state jail felony when sentencing appellant, and the prosecution had moments earlier solicited a particular sentence applicable only to a first degree felony. Additionally, the term of imprisonment levied approached the maximum authorized for a second degree felony. Consequently, we are not convinced that the error did not have a substantial and injurious effect or influence on the outcome. So, we cannot find that the trial court's consideration of the state jail felony in enhancing appellant's punishment was harmless under Texas Rule of Appellate Procedure 44.2(b). *Fite v. State*, 60 S.W.3d 314, 320 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that consideration of a state jail felony to enhance punishment was not harmless even though the sentence actually assessed fell within the lawful range).

Accordingly, the motion for rehearing is granted. We withdraw our judgment and the last paragraph of our original opinion wherein we expressly affirmed the trial court's judgment. In its place we declare that the portion of the trial court's judgment sentencing appellant be and is hereby reversed and that the cause be remanded for a new punishment hearing.[3]

### On Motion for Rehearing**

Pending before the court is the rather colorful motion by the State of Texas for rehearing.[1] Though numerous complaints are raised against the court's opinion of April 16, 2003, we mention several.[2] So too do we overrule the motion.

### Background

The status of the case before us is as follows. Jody Lewis Fortier appealed from a final judgment adjudicating his guilt for the offense of burglary. We dismissed the cause for want of jurisdiction. Our reading of the issues presented indicated that they concerned the voluntariness of the original plea. And, because that topic was not raised via an appeal immediately after the initial plea hearing, authority prohibited us from considering them via appeal after appellant's guilt was adjudicated. *Nix v. State*, 65 S.W.3d 664 (Tex.Crim.App.2001); *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App.1999). Thereafter, appellant moved for rehearing, asserting that the sentence levied after guilt was adjudicated was void. It was purportedly so because the trial court enhanced his punishment through the use of a prior conviction for a state jail felony. We ordered the State to respond to the motion, which it did. Its response, however, focused primarily upon the issue of jurisdiction to entertain the appeal and the authority of the trial court to initially grant appellant community supervision. Little to nothing was said about the legality of

---

3. We do not construe our holding as violating *Nix v. State*, 65 S.W.3d 664 (Tex.Crim.App. 2001). The error underlying our decision occurred when the trial court sentenced appellant after adjudicating him guilty and convicting him of burglarizing a habitat. It did not arise at the initial plea hearing.

** Editors Note: Publication of this order is limited to ground two. Footnotes in this published version have been renumbered for consistency.

1. The colors red, white, blue, brown and yellow appear on its cover while the tone of its content is quite black.

2. The others do not merit comment.

the sentence ultimately levied by the trial court *after* guilt was adjudicated. Upon considering the arguments of all counsel, we granted the motion for rehearing in part, reversed that portion of the judgment levying sentence and punishment, and remanded the cause for a new punishment hearing.[3] Upon our doing so, the State then moved for rehearing. It is that motion which we now consider.

### Ground Two

■ Next, the State asserts that an adjudication that a minor engaged in delinquent conduct constituting a felony (even though the felony was a state jail felony) may, in some circumstances, be used to enhance punishment. It further cites § 12.42(f) of the Texas Penal Code as support for its proposition. We disagree with the assertion.

According to § 12.42(f) of the Penal Code,

> [f]or purposes of Subsections (a)-(c) and (e), an adjudication by a juvenile court under Section 54.03, Family Code, that a child engaged in delinquent conduct constituting a felony offense for which the child is committed to the Texas Youth Commission under Section 54.04(d)(2), (d)(3), or (m), Family Code, or Section 54.05(f), Family Code, is a final felony conviction.

As can be seen from the statute, an adjudication that a youth engaged in felonious conduct resulting in his commitment to the Youth Commission is deemed a "final felony conviction." Yet, effort to consider the "final felony conviction" for enhancement purposes must be done in conjunction with the requirements of subsections (a) through (c) and (e) of § 12.42. Indeed, the legislature intended as much when it began § 12.42(f) with the phrase "[f]or purposes of Subsections (a)-(c) and (e)." In other words, and regardless of the conduct for which the youth had been adjudicated under § 54.03 of the Family Code, consideration of the adjudication for enhancement purposes must still comport with various subsections of § 12.42, and, one of those subsections was and is that which prohibits the use of a state jail felony for purposes of an enhancement, *i.e.* § 12.42(e).[4]

Interpreting the statute otherwise would lead to an end more onerous for youths than adults. If the State were correct, then in those situations where the accused was an adult when the state jail felony occurred, the latter could not be used for enhancement purposes. However, if the identical state jail felony were committed when the accused was a minor, then it could be used. That is a non-sensical result. *Weightman v. State*, 975 S.W.2d 621, 623–24 (Tex.Crim.App.1998) (recognizing that the absurdity of the result is a factor to consider when interpreting a statute). We opt not to impute to the legislature an intent to punish children more harshly than adults.

Finally, the record discloses that the felonious conduct for which appellant was adjudicated a delinquent involved the unauthorized use of a motor vehicle. Statute categorizes that offense as a state jail felony. Tex. Penal Code Ann. § 31.07(b) (Ver-

---

3. We mistakenly stated in the opinion granting rehearing that we had previously "affirmed the trial court's judgment" when we actually dismissed the cause for want of jurisdiction.

4. Section 12.42(e) of the Penal Code states that a "previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d)." Tex. Penal Code Ann. § 12.42(e) (Vernon 2003).

non 2003). Thus, § 12.42(e) of the Penal Code barred the trial court from using it to enhance appellant's punishment.

In sum, none of the State's contentions in its motion for rehearing have merit; so we overrule them.[6]

---

6. We also note that while a litigant should zealously urge its stance, it must not do so to the detriment of professionalism. *See Metzger v. Sebek*, 892 S.W.2d 20, 38–39 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (stating that lawyers not only have the responsibility to conduct themselves with respect for the tribunal and legal system but also must eschew behavior likely to invoke proper admonishment). This is no less true for those representing the State in a criminal prosecution. *See State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 6–7 (Tex.Crim.App.1990) (stating that prosecutors are bound by the Rules of Professional Responsibility). Additionally, motions for rehearing are opportunity to reveal or explain potential error to the court. Though no one writing style may best facilitate that effort, language which is caustic, condescending, sarcastic, petty, or like tone only detracts from it. So too does it evince disrespect for the tribunal and legal system. *See* Tex. Disciplinary R. Prof'l Conduct, Preamble ¶ 4; Tex. Lawyers Creed—A Mandate for Professionalism, IV, § 1, 2, 3, 5, & 7 (Order of Adoption); Tex. Standards For Appellate Conduct, The Court's Relationship with Counsel, § 1 & 7.