NO.
07-09-0196-CR

 

                                                    IN
THE COURT OF APPEALS

 

                                        FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                  AT
AMARILLO

 

                                                                      PANEL
B

 

                                                           FEBRUARY
25, 2010

                                             ______________________________

 

                                                              RENE LONGORIA, 

 

Appellant

 

                                                                             v.

 

                                                         THE STATE OF TEXAS, 

 

Appellee

                                          _________________________________

 

                       FROM THE
364TH DISTRICT COURT OF LUBBOCK COUNTY;

 

                          NO.
2008-419,544; HON. JIM BOB DARNELL, PRESIDING

                                            _______________________________

 

Memorandum Opinion

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant
Rene Longoria appeals his conviction for aggravated robbery, a felony of the
first degree.  He contends that the trial
court erred in permitting the enhancement of his sentence via the use of a
purported state jail felony.  We affirm
the judgment.[1]









In 2004, appellant,
a juvenile at the time, was adjudicated as having engaged in delinquent conduct
and was committed to the Texas Youth Commission.  The conduct consisted of participating in
organized criminal activity involving the burglary of a vehicle.  Furthermore, a conviction for engaging in it
allegedly constituted a state jail felony. 
Such a felony may not be used to enhance the punishment
applicable to a subsequent felony. Tex. Penal Code Ann. §12.42(e) (Vernon
Supp. 2009); Fortier v. State, 105 S.W.3d 697, 701 (Tex. App.–Amarillo
2003, pet. ref=d).  Yet, appellant believes such happened
here.  Whether that is true is not
something we address for the complaint was not preserved.

Appellant’s objection at trial was
two-fold.  First, he stated that he was
not afforded proper notice of the
State’s intent to use the prior adjudication for enhancement purposes.  Then he averred that Ait=s
not at all certain that the conviction which the State desires to introduce to
use for the purpose of enhancement met the proper requisites of Chapter 51 of
the Family Code, and that it - - I don=t believe
that it had the proper findings as required by the Family Code since it was a
juvenile conviction to be used in a subsequent 1st degree felony
prosecution.@ 
He then ended his objection by saying, “[s]o on those grounds, Judge, we
would object to the inclusion of any enhancement in the punishment stage . . .
.”[2]
As can be seen, none of those utterances mention the purported inability to use
a state jail felony for purposes of enhancing a subsequent felony.  Instead, they focused on the supposed lack of
prior notice or the status of the prior conviction, if any, as being one
involving a juvenile.  Consequently, the
substance of his objection at trial fails to comport with that asserted on
appeal; this, in turn, means that the matter was not preserved.  Pena v.
State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (requiring the substance
of the objection at trial to comport with that on appeal; otherwise the matter
is waived); see Harris v. State, 204 S.W.3d 19, 27 (Tex. App.–Houston [14th
Dist.] 2006, pet. ref=d)
(stating that one may fail to preserve a complaint involving the enhancement of
his punishment by failing to object); Brown v. State, No. 02-08-037-CR,
2009 Tex. App. Lexis 2664 at *2-3
(Tex. App.–Fort Worth April 9, 2009, no pet.) (not
designated for publication) (stating the same); Cody v. State, No.
05-06-01222-CR, 2007 Tex. App. Lexis 2764
at 8-9 (Tex. App.–Dallas April 11, 2007, pet. ref=d) (not
designated for publication) (stating the same).[3]    

Accordingly, we overrule appellant=s
issue and affirm the judgment.

 

Brian Quinn 

Chief Justice 

Do not publish.

 

 

 

 

 











[1]Appellant describes his issue as questioning the trial
court’s decision to deny his motion to strike the enhancement pleading.  We find no written motion to strike in the clerk=s
record.  However, an oral objection Ato the
enhancement notice@ was uttered at trial. 
We construe this objection to be the motion involved.     





[2]In
later referring to the objections during trial, he characterized them as
“objections to the improper or untimely notice thereof.”





[3]Aggravated robbery is a felony of the first degree and
carries a punishment of life or any term of not more than 99 years or less than
five years.  Tex. Penal Code Ann. '12.32(a) (Vernon Supp. 2009).  Here, appellant was sentenced to fifty years
imprisonment.  Because the sentence fell
within the lawful range, it cannot be said to be an illegal one. See Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App.
2003) (stating that a sentence that is outside the maximum or minimum range of
punishment is illegal, which relieves one from uttering a contemporaneous
objection to the sentence).  Thus,
appellant was obligated to preserve his complaint by contemporaneously
objecting and informing the trial court of all grounds upon which he intends to
rely.