NO. 07-09-0196-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 FEBRUARY 25, 2010
 ______________________________

 RENE LONGORIA, 

Appellant
 
 v.

 THE STATE OF TEXAS, 

Appellee
 _________________________________

 FROM THE 364[TH] DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2008-419,544; HON. JIM BOB DARNELL, PRESIDING
 _______________________________

 Memorandum Opinion
 _______________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Appellant Rene Longoria appeals his conviction for aggravated robbery, a felony of the first degree. He contends that the trial court erred in permitting the enhancement of his sentence via the use of a purported state jail felony. We affirm the judgment. 

In 2004, appellant, a juvenile at the time, was adjudicated as having engaged in delinquent conduct and was committed to the Texas Youth Commission. The conduct consisted of participating in organized criminal activity involving the burglary of a vehicle. Furthermore, a conviction for engaging in it allegedly constituted a state jail felony. Such a felony may not be used to enhance the punishment applicable to a subsequent felony. Tex. Penal Code Ann. §12.42(e) (Vernon Supp. 2009); Fortier v. State, 105 S.W.3d 697, 701 (Tex. App. - Amarillo 2003, pet. refd). Yet, appellant believes such happened here. Whether that is true is not something we address for the complaint was not preserved.
Appellant's objection at trial was two-fold. First, he stated that he was not afforded proper notice of the State's intent to use the prior adjudication for enhancement purposes. Then he averred that its not at all certain that the conviction which the State desires to introduce to use for the purpose of enhancement met the proper requisites of Chapter 51 of the Family Code, and that it - - I dont believe that it had the proper findings as required by the Family Code since it was a juvenile conviction to be used in a subsequent 1[st] degree felony prosecution. He then ended his objection by saying, "[s]o on those grounds, Judge, we would object to the inclusion of any enhancement in the punishment stage . . . ." As can be seen, none of those utterances mention the purported inability to use a state jail felony for purposes of enhancing a subsequent felony. Instead, they focused on the supposed lack of prior notice or the status of the prior conviction, if any, as being one involving a juvenile. Consequently, the substance of his objection at trial fails to comport with that asserted on appeal; this, in turn, means that the matter was not preserved. Pena v. State, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (requiring the substance of the objection at trial to comport with that on appeal; otherwise the matter is waived); see Harris v. State, 204 S.W.3d 19, 27 (Tex. App. - Houston [14[th] Dist.] 2006, pet. refd) (stating that one may fail to preserve a complaint involving the enhancement of his punishment by failing to object); Brown v. State, No. 02-08-037-CR, 2009 Tex. App. Lexis 2664 at *2-3 (Tex. App. - Fort Worth April 9, 2009, no pet.) (not designated for publication) (stating the same); Cody v. State, No. 05-06-01222-CR, 2007 Tex. App. Lexis 2764 at 8-9 (Tex. App. - Dallas April 11, 2007, pet. refd) (not designated for publication) (stating the same). 
Accordingly, we overrule appellants issue and affirm the judgment.

Brian Quinn 
Chief Justice 
Do not publish.