NO. 07-09-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 25, 2010

_____

RENE LONGORIA,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-419,544; HON. JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Rene Longoria appeals his conviction for aggravated robbery, a felony of the first degree. He contends that the trial court erred in permitting the enhancement of his sentence via the use of a purported state jail felony. We affirm the judgment.[1]

---

[1]Appellant describes his issue as questioning the trial court's decision to deny his motion to strike the enhancement pleading. We find no written motion to strike in the clerk's record. However, an oral objection "to the enhancement notice" was uttered at trial. We construe this objection to be the motion involved.

In 2004, appellant, a juvenile at the time, was adjudicated as having engaged in delinquent conduct and was committed to the Texas Youth Commission. The conduct consisted of participating in organized criminal activity involving the burglary of a vehicle. Furthermore, a conviction for engaging in it allegedly constituted a state jail felony. Such a felony may not be used to enhance the punishment applicable to a subsequent felony. TEX. PENAL CODE ANN. §12.42(e) (Vernon Supp. 2009); *Fortier v. State,* 105 S.W.3d 697, 701 (Tex. App.–Amarillo 2003, pet. ref'd). Yet, appellant believes such happened here. Whether that is true is not something we address for the complaint was not preserved.

Appellant's objection at trial was two-fold. First, he stated that he was not afforded *proper notice* of the State's intent to use the prior adjudication for enhancement purposes. Then he averred that "it's not at all certain that the conviction which the State desires to introduce to use for the purpose of enhancement met the proper requisites of Chapter 51 of the Family Code, and that it - - I don't believe that it had the proper findings as required by the Family Code since it was a juvenile conviction to be used in a subsequent 1st degree felony prosecution." He then ended his objection by saying, "[s]o on those grounds, Judge, we would object to the inclusion of any enhancement in the punishment stage . . . ."[2] As can be seen, none of those utterances mention the purported inability to use a state jail felony for purposes of enhancing a subsequent felony. Instead, they focused on the supposed lack of prior notice or the status of the prior conviction, if any, as being one involving a juvenile. Consequently, the substance of his objection at trial fails to comport with that asserted on appeal; this, in turn, means that the

---

[2]In later referring to the objections during trial, he characterized them as "objections to the improper or untimely notice thereof."

2

matter was not preserved. *Pena v. State,* 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (requiring the substance of the objection at trial to comport with that on appeal; otherwise the matter is waived); *see Harris v. State,* 204 S.W.3d 19, 27 (Tex. App.–Houston [14[th] Dist.] 2006, pet. ref'd) (stating that one may fail to preserve a complaint involving the enhancement of his punishment by failing to object); *Brown v. State,* No. 02-08-037-CR, 2009 Tex. App. LEXIS 2664 at *2-3 (Tex. App.–Fort Worth April 9, 2009, no pet.) (not designated for publication) (stating the same); *Cody v. State,* No. 05-06-01222-CR, 2007 Tex. App. LEXIS 2764 at 8-9 (Tex. App.–Dallas April 11, 2007, pet. ref'd) (not designated for publication) (stating the same).[3]

Accordingly, we overrule appellant's issue and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.

---

[3]Aggravated robbery is a felony of the first degree and carries a punishment of life or any term of not more than 99 years or less than five years. TEX. PENAL CODE ANN. §12.32(a) (Vernon Supp. 2009). Here, appellant was sentenced to fifty years imprisonment. Because the sentence fell within the lawful range, it cannot be said to be an illegal one. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (stating that a sentence that is outside the maximum or minimum range of punishment is illegal, which relieves one from uttering a contemporaneous objection to the sentence). Thus, appellant was obligated to preserve his complaint by contemporaneously objecting and informing the trial court of all grounds upon which he intends to rely.