

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00334-CR

———————————————

DUSTIN WADE HESTAND AKA DUSTIN W. HESTAND, Appellant

V.

THE STATE OF TEXAS

On Appeal from 355th District Court
Hood County, Texas
Trial Court No. CR13595

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Opinion on Remand by Justice Gabriel

**OPINION ON REMAND**

Appellant Dustin Wade Hestand appeals from his fifteen-year sentence arising from his conviction for possession of less than one gram of methamphetamine. In a single issue, he argues that the available punishment range was invalidly enhanced from a state-jail felony to a second-degree felony partially based on a prior juvenile adjudication. On original submission, we determined that Hestand had procedurally defaulted this issue; the Court of Criminal Appeals vacated our judgment, explaining that Hestand was raising an illegal-sentence claim that could be raised for the first time on appeal. *Hestand v. State*, No. PD-0513-19, 2019 WL 5784183, at *1 (Tex. Crim. App. Nov. 6, 2019) (per curiam) (not designated for publication). But even though preserved, Hestand's argument is without merit, and we again affirm the trial court's judgment.

## I. BACKGROUND

Hestand was indicted for possession of less than one gram of methamphetamine, a state-jail felony. *See* Tex. Health & Safety Code Ann. § 481.115(a)–(b); Tex. Penal Code Ann. § 12.35(a). The indictment included two enhancement paragraphs, alleging that Hestand had been convicted of the felony offenses of possession of methamphetamine in 2013 and of the manufacture or delivery of a controlled substance in 2008. The indictment further contained three habitual-offender paragraphs, alleging that Hestand had been convicted of the felony offenses of bail jumping and possession of a controlled substance in 2008 and had

been adjudicated as a juvenile of engaging in delinquent conduct for unauthorized use of a motor vehicle in 2001. Before trial, the State filed a notice that it intended to "elevate" the applicable punishment range from a state-jail felony to a second-degree felony by proving five prior-offense allegations—(1) Hestand's 2013 possession conviction as an enhancement, (2) Hestand's 2008 manufacture or delivery conviction as an enhancement, (3) Hestand's 2008 bail-jumping conviction as an enhancement, (4) Hestand's 2008 possession conviction as an enhancement, and (5) Hestand's 2001 juvenile adjudication as a "Habitual Count." *See* Tex. Penal Code Ann. § 12.425(b). *See generally Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997) (recognizing State may notify defendant of sentence-enhancement convictions in a notice filed at least ten days before trial and is not required to amend indictment).

A jury found Hestand guilty of the indicted offense. At the punishment trial, the State proceeded on two of the noticed enhancements—the 2008 manufacture or delivery conviction and the 2008 bail-jumping conviction—and on the habitual count, which was Hestand's 2001 juvenile adjudication for the delinquent conduct of unauthorized use of a motor vehicle. Hestand pleaded not true to each.

To prove the enhancements and the habitual count, the State introduced, and the trial court admitted, the penitentiary packets regarding the 2008 felony convictions and similar evidence regarding the 2001 juvenile adjudication. The 2001 juvenile adjudication, based on the delinquent conduct of unauthorized use of a motor vehicle,

3

had resulted in Hestand's commitment to a Texas Juvenile Justice Department[1] (TJJD) facility "for an undetermined period of time not to exceed the time when he shall be 21 years of age or until duly discharged." In the commitment order, the juvenile court recognized that Hestand had been adjudged delinquent three times previously, had unsuccessfully been through placement services, and had nevertheless continued to engage in illegal behavior. Accordingly, the juvenile court found that Hestand put himself and the community at risk and committed Hestand to a secure TJJD facility for an indeterminate term. *See* Tex. Fam. Code Ann. §§ 54.04(c), 54.04(d)(2), 54.04013.

The State also introduced evidence that Hestand had been convicted of offenses involving controlled substances four other times between 2004 and 2015 and that he had been adjudicated of engaging in delinquent conduct—misdemeanor possession of two grams or less of marijuana—in 2000. The jury additionally heard that Hestand had been convicted of assault involving family violence in 2016, of misdemeanor theft in 2015, and of the violation of a protective order in 2016.

The jury charge on punishment included instructions regarding the 2008 convictions for manufacture or delivery of a controlled substance and for bail jumping and regarding the 2001 juvenile adjudication. The trial court instructed that

---

[1]The commitment order referred to the Texas Youth Commission, which was the former name of the TJJD. *See* Act of May 5, 2011, 82nd Leg., R.S., ch. 85, § 4.001(b), 2011 Tex. Gen. Laws 366, 441; *see, e.g., In re N.G.-D.*, No. 03-14-00437-CV, 2016 WL 105948, at *1 n.1 (Tex. App.—Austin Jan. 8, 2016, no pet.) (mem. op.).

4

if the jury found the enhancement paragraphs and the habitual count true, then it could assess punishment for "any term of not more than twenty (20) years or less than two (2) years"—the available punishment range for a second-degree felony. *See* Tex. Penal Code Ann. § 12.33. The jury found the enhancement paragraphs and habitual count true and assessed his sentence at fifteen years' confinement.

Hestand filed a pro se motion for new trial and argued that his sentence had been improperly enhanced through use of the 2001 juvenile adjudication, which had been based on the state-jail-felony offense of unauthorized use of a motor vehicle. *See* Tex. Penal Code Ann. § 31.07(b); *see also id.* § 12.425(b) (prohibiting use of state-jail felonies to enhance punishment range from that of a state-jail felony to a second-degree felony). The trial court held a nonevidentiary hearing on the motion on July 20, 2018, and orally denied it on the record. Because the trial court never entered a written order denying the motion, it was deemed denied on September 19, 2018— seventy-five days after sentence was imposed in open court. *See* Tex. R. App. P. 21.8(b)–(c); *State v. Zavala*, 28 S.W.3d 658, 659 (Tex. App.—Corpus Christi–Edinburg 2000, pet. ref'd).

## II.  SENTENCE ENHANCEMENT
### BASED ON PRIOR JUVENILE ADJUDICATION

Under certain circumstances, an adjudication in juvenile court may be used as a prior felony conviction to enhance the available punishment range in later criminal proceedings. *See* Tex. Fam. Code Ann. § 51.13(d). If a child is adjudged to have

5

engaged in conduct constituting "a felony offense" and if the child is committed to a TJJD facility, the juvenile adjudication "is a final felony conviction only for the purposes of . . . Section 12.425, Penal Code." *Id.* Section 12.425, in turn, provides that a state-jail felony may be enhanced for punishment purposes to a second-degree felony if "the defendant has previously [and sequentially] been finally convicted of two felonies other than a state jail felony." Tex. Penal Code Ann. § 12.425(b).

Hestand asserts that because unauthorized use of a motor vehicle is classified as a state-jail felony in the Penal Code, his juvenile adjudication based on his commission of that offense cannot be used for sentencing-enhancement purposes. Hestand is not arguing that juvenile adjudications can never be used to enhance punishment; he asserts that his 2001 juvenile adjudication cannot be used to enhance his punishment for the primary offense because the prior adjudication was based on a state-jail felony, which cannot be used to enhance punishment. *See id.*; *see also Hestand v. State*, 587 S.W.3d 409, 410–11 (Tex. Crim. App. 2019) (Yeary, J., dissenting) ("Appellant has never argued that the use of his juvenile adjudication to enhance his punishment to a second-degree felony was improper because it was only a juvenile adjudication *per se*. His position on appeal has been, consistently, that even if a juvenile adjudication may count as a 'final felony conviction' for purposes of Section 12.425(b), a juvenile adjudication for what amounts to a *state-jail felony* does *not*.").

Statutory construction is an issue of law that we review de novo. *Curry v. State*, No. PD-0577-18, 2019 WL 5587330, at *4 (Tex. Crim. App. Oct. 30, 2019). We are

guided by the language used and, if unambiguous, must "effectuate that plain language." *Id.*; *see also* Tex. Penal Code Ann. § 1.05(a) (providing construction of Penal Code must be according to terms' "fair import"); *Arteaga v. State*, 521 S.W.3d 329, 334 (Tex. Crim. App. 2017) (holding courts look first to plain language in statutory construction). Here, the Family Code clearly provides that a juvenile adjudication based on conduct constituting a "felony offense" may later be used for sentence-enhancement purposes under Section 12.425(b) if the adjudication resulted in a commitment to the TJJD. Tex. Fam. Code Ann. § 51.13(d). In the Penal Code, a felony is defined as "an offense so designated by law or punishable by death or confinement in a penitentiary," and state-jail felonies are expressly classified as felonies. Tex. Penal Code Ann. §§ 1.07(a)(23), 12.04(a); *see Garrett v. State*, 377 S.W.3d 697, 704 n.29 (Tex. Crim. App. 2012) (concluding state-jail felonies are governed by community-supervision provisions applicable to felonies); *Tapps v. State*, 294 S.W.3d 175, 178–79 (Tex. Crim. App. 2009) (holding prior state-jail felony may be used to secure later conviction for possession of a firearm by a felon and stating "state-jail felonies are felonies unless the language of the particular statute in question indicates otherwise").

As the State points out, portions of the Juvenile Justice Code do not differentiate between state-jail felonies and felonies of degree, instead referring to felony offenses generally. *See, e.g.*, Tex. Fam. Code Ann. §§ 51.03(a)(1), 51.13(d), 54.0401(c)(2), 54.04013. Other sections indicate that when the legislature intended to

exclude state-jail felonies from the operation of a particular provision, it clearly did so. *See, e.g.*, *id.* §§ 51.031(a), 52.031(a), 53.045, 54.02(a). In the context of Section 51.13(d), nothing indicates that the legislature intended for the words "felony offense" to exclude state-jail felonies, especially given the inclusive definition and classification of felonies in the Penal Code. *See Garrett*, 377 S.W.3d at 704 n.29; *see also* Tex. Gov't Code Ann. § 311.011(a) (mandating statutory words and phrases to be construed in context); Tex. Penal Code Ann. § 1.05(b) (recognizing applicability of Government Code Section 311.011 to construction of Penal Code).

The only express prerequisites for juvenile adjudications to later qualify as a state-jail-felony sentencing enhancement are that the adjudication must have been based on a felony offense and must have resulted in the child's commitment to the TJJD under specified circumstances. *See* 29 Thomas S. Morgan & Harold C. Gaither Jr., *Texas Practice: Juvenile Law and Practice* § 13:27 (3d ed. 2019). Hestand's 2001 juvenile commitment order contained both. *See* Tex. Fam. Code Ann. § 54.04(d)(2). Under the plain language of Section 51.13(d), Hestand's 2001 juvenile adjudication, even though based on conduct classified as a state-jail felony in the Penal Code, could validly be used to enhance the available punishment range under Section 12.425(b).[2]

---

[2]For his contention that the State improperly enhanced his sentence, Hestand relies on *Thomas v. State*, 481 S.W.3d 685, 693 (Tex. App.—Texarkana 2015), *rev'd on other grounds*, 516 S.W.3d 498, 501, 504 (Tex. Crim. App. 2017). *Thomas* addressed allowable sentence enhancements under Section 12.425(a), which is not at issue here. *Id.* at 693.

The State recognizes in its brief that the Amarillo Court of Appeals has reached an opposite conclusion. In *Fortier v. State*, Jody Lewis Fortier was charged with the second-degree felony offense of burglary of a habitation. 105 S.W.3d 697, 698 (Tex. App.—Amarillo 2003, pet. ref'd) (op. on reh'g). The indictment contained two enhancement paragraphs—Fortier's prior convictions for burglary of a building and for "unlawfully using a motor vehicle." *Id.* Fortier pleaded guilty to the charged offense, the State waived the burglary-of-a-building enhancement, Fortier pleaded true to the unlawful-use enhancement, and the trial court deferred adjudicating his guilt and placed him on community supervision. *Id.* The State later moved to adjudicate Fortier's guilt, and the trial court admonished Fortier that if his guilt were adjudicated, he would be subject to first-degree felony punishment based on the enhancement paragraph. *Id.* at 698–99. The trial court revoked Fortier's community supervision, adjudicated him guilty of burglary of a habitation, and sentenced him to seventeen years' confinement. *Id.* at 699. The court of appeals held that because the enhancement allegation involved a state-jail felony, it could not be used to enhance the punishment range available for the burglary offense under the plain language of Section 12.42(d). *Id.* at 699–700.

On the State's further motion for rehearing, the court of appeals clarified that the unlawful-use conviction arose in the context of a juvenile adjudication but rejected the State's argument that the juvenile adjudication was a final felony conviction under the Family Code that was eligible to be used for sentencing enhancement under

9

Section 12.42(f). *Id.* at 701 (op. on further reh'g). The court concluded that because the adjudicated delinquent conduct involved the unauthorized use of a motor vehicle, a state-jail felony, it could not be used for enhancement purposes under Section 12.42(e). *Id.* at 701–02.

As Judge Kevin Yeary, joined by Judge Michelle Slaughter, noted in a dissent in the instant case, *Fortier* "did not speak to the enhancement of primary offenses that are state-jail felonies" as is at issue in the instant case. *Hestand*, 587 S.W.3d at 411 n.3 (Yeary, J., dissenting). Judge Yeary also recognized that *Fortier* was decided "before Section 12.425 even existed," and "largely relied upon former Section 12.42(e), which was repealed in 2011, in the same legislative act that created Section 12.425." *Id.* Further, the Amarillo Court of Appeals did not specifically address Section 51.13(d) or analyze its specific language allowing juvenile adjudications to be used as punishment enhancements in specified circumstances. We find *Fortier* to be unpersuasive here because we must focus on the plain language of the statutes at issue. *See, e.g.*, *Curry*, 2019 WL 5587330, at *4. The court in *Fortier* was not asked to address the statutory language at issue today and was not presented with the same factual context that we look at today.

### III. CONCLUSION

Although Hestand's 2001 juvenile adjudication was based on the commission of a state-jail felony, Section 51.13(d) of the Family Code allows juvenile adjudications based on "a felony offense," regardless of degree, to subsequently be used to enhance

10

a state-jail felony offense's punishment range under Section 12.425(b) of the Penal Code. Accordingly, we conclude that Hestand's sentence was not illegally enhanced partially through the use of the 2001 juvenile adjudication, which arose from the commission of a felony offense and resulted in Hestand's indeterminate commitment to a TJJD facility. We overrule Hestand's appellate issue and affirm the trial court's judgment. *See* Tex. R. App. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Publish

Delivered: February 27, 2020