

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00110-CR

_____


CODY LANG THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1423904



Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

Cody Lang Thomas pled guilty to theft of property valued at more than $1,500.00 and less than $20,000.00, a state jail felony.[1]  He received a twenty-year sentence as the result of enhancements under Section 12.425(a) of the Texas Penal Code.  Thomas appeals his sentence, arguing that because one of the prior convictions used to enhance his sentence was punishable as a state jail felony under Section 12.35(a) of the Penal Code—even though it was actually punished as a third degree felony—use of that conviction to enhance his sentence in this case was invalid. We sustain Thomas' point of error and remand this case to the trial court for a new punishment hearing.

## I.    Procedural Background

### A.    The Change of Plea Hearing

The State originally indicted Thomas on a charge of engaging in organized criminal activity.  Thomas entered an open plea of guilt and waived his right to have a jury assess punishment, and, in exchange, the State agreed to abandon the indicted organized criminal activity offense and to seek, instead, a conviction on the lesser-included offense of theft.  The State did not include enhancement allegations in the indictment, but the parties and the trial court expressed a mutual understanding that the State intended to file a notice of intent to seek punishment enhancement based on two prior convictions.  Accordingly, at the change of plea hearing, the trial court admonished Thomas as follows:

> THE COURT:  [The State] would just be going forward with the straight state jail felony theft case.

---

[1]*See* Act of May 27, 2011, 82d Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3302, 3310 (amended 2015) (current version at TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2015)).

Now, what that does, though, with two prior -- if they're right about that, two prior penitentiary trips, non state jail, consecutive, then it would take the state jail and bump it to a second-degree felony. You understand that?

[Thomas]: Yes, sir.

The State then formally offered written plea admonishments and a judicial confession signed by Thomas. The plea documents noted that Thomas was entering a plea of guilty to the lesser offense of theft of property and that the offense was a state jail felony punishable as a second degree felony. In his judicial confession, Thomas admitted that he was guilty of all acts alleged in the charging instrument "except those acts expressly waived by the State" and that he was "guilty of . . . any enhancement and habitual allegations set forth in the Indictment, if any . . . ." The trial court then advised Thomas of the penalty ranges applicable to a state jail felony and a second degree felony and admonished Thomas of his rights in the proceeding as required by Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2014). The trial court accepted Thomas' guilty plea and found the evidence sufficient to support a finding of guilty, but deferred any such finding until the sentencing hearing.

After accepting Thomas' guilty plea, the trial court enquired about the State's enhancement allegations:

THE COURT: Is it true that prior to the commission of this offense you have been to the penitentiary, non state jail, two separate times?

[By Thomas]: Yes, Sir.

THE COURT: Was the second one -- the second trip to the penitentiary, was that a conviction that you obtained after the first one was final? You had already been to the penitentiary once and then you committed a new offense, went to the penitentiary again?

[By Thomas]: Yes, sir.

3

THE COURT: Okay. Then the Court will find the enhancement paragraphs that the State has put everybody on verbal notice -- and I think to make the record clear, they intend to file a written notice of their intention to seek enhancement. The Court will find that -- a couple of things -- or several things I should say.

The trial court then stated, "I will find it true, based upon your plea, that you have two prior non-state-jail-felony convictions which would enhance the punishment range here to 2 to 20, and so that's what's in play here." The trial court set the matter for sentencing about three weeks later.

## B.     The Sentencing Hearing

At the sentencing hearing, the State announced that it had filed a written notice of its intent to enhance Thomas' punishment range. The notice alleged the following:

> Prior to the commission of the offense in the indictment, defendant was finally convicted of the felony offense of Escape While Arrested on [the] 18th day of August, 2004, A.D., in the 402nd District Court of Wood County, Texas.

> Prior to the commission of the offense in the indictment, defendant was finally convicted of the felony offense of Burglary of a Building, on [the] 24th day of June, 2010, A.D., in Cause Number 0921040 on the docket of the 8th Judicial District Court of Hopkins County, Texas.

The trial court then questioned Thomas about the enhancement allegations as follows:

> THE COURT: And let's look at that second paragraph. That's the escape charge in Wood County. Is that one of the felony convictions that you pled true to being convicted of and having been sent to the penitentiary?

> [By Thomas]: Yes, sir.

> THE COURT: Okay. The next one is burglary of a building. Now --

> [By the State]: It's enhanced, Judge.

> THE COURT: It was an enhanced state jail?

> [By the State]: Yes, sir.

4

THE COURT: Okay.

[By Thomas]: Did three years TDC.

THE COURT: I was thinking that was right. I was thinking it was a state jail but you had two prior state jails, so that made what would otherwise be a state jail a third degree, and you did three years TDC; is that correct?

[By Thomas]: Yes, sir.

THE COURT: Okay. And so those would be the two separate pen trips that you referred to when you pled true to, understanding that it takes the current state jail and makes it a second degree, correct?

[By Thomas]: Yes, sir.

At the close of the evidence, the trial court sentenced Thomas to twenty years' imprisonment, which is the maximum permissible sentence for a second degree felony. Thomas now argues that the trial court erred by enhancing his sentence.

## II. Application of Law to the Facts

### A. Law Governing Enhancement of State Jail Felonies—Section 12.425 of the Texas Penal Code

#### 1. Introduction

The concept of enhanced sentencing is not complicated: a defendant charged with an offense who has previously been convicted of other criminal offenses may be assessed a greater sentence than a defendant convicted of the same offense who has no criminal history. Thus, the punishment range of an offense is "enhanced" as the number of the defendant's prior convictions increases. Yet, in practice, offense enhancement can be quite complicated because only certain prior convictions can be combined under the enhancement statutes, and some convictions which cannot be combined are not easily distinguished.

In this case, Thomas alleges that the State used an incorrect combination of prior convictions to enhance his sentence. Thomas' punishment was enhanced under Section 12.425 of the Penal Code, which governs enhancement of state jail felony punishments where a defendant has previously been convicted of other criminal offenses. *See* TEX. PENAL CODE ANN. § 12.425 (West Supp. 2014). To determine whether Thomas' sentence was properly enhanced under Section 12.425, we must first identify the existing categories of felony offenses and then identify which categories may be combined under the applicable provisions of Section 12.425. Finally, we must determine whether the enhancement in this case is one of the permitted combinations.

### 2. Classification of Felonies For Purposes of Enhancement Under Section 12.425

The Texas Penal Code creates five types of felony offenses: capital felonies, first degree felonies, second degree felonies, third degree felonies, and state jail felonies. TEX. PENAL CODE ANN. §§ 12.31–.35 (West 2011 & Supp. 2014). Although all five categories are felony offenses, the Penal Code distinguishes between state jail felonies and non-state jail felonies for enhancement purposes. *Compare* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2015), *with* TEX. PENAL CODE ANN. § 12.425 (West Supp. 2015).[2]

Although all state jail felonies are classified as felonies, there are two types of state jail felonies for purposes of enhancement. *Compare* TEX. PENAL CODE ANN. § 12.35(a) (West Supp. 2015), *with* TEX. PENAL CODE ANN. § 12.35(c) (West Supp. 2015). A state jail felony punishable under Section 12.35(a) carries a punishment range of not less than 180 days and not more than two

---

[2]Enhancement of a non-state jail felony is governed by Section 12.42, and enhancement of a state jail felony is governed by Section 12.425.

6

years' confinement in a state jail. A state jail felony punishable under Section 12.35(c) is punished as a third degree felony where (1) a deadly weapon was used or exhibited, (2) the defendant was previously convicted of an aggravated non-state jail felony, or (3) the jury in the prior conviction made a deadly weapon finding under Article 42.12, Section 3(g) of the Code of Criminal Procedure. Thus, for simplification, convictions under Section 12.35(a) are classified as non-aggravated state jail felonies, and convictions under Section 12.35(c) are classified as aggravated state jail felonies. *See State v. Garza*, 298 S.W.3d 837, 844–45 (Tex. App.—Amarillo 2009, no pet.) ("The statute specifies the punishment for regular or non-aggravated state jail felonies in section 12.35(a) and (b), and for aggravated state jail felonies in section 12.35(c)."); *see also State v. Warner*, 915 S.W.2d 873, 877 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd), *abrogated on other grounds by Smith v. State*, 960 S.W.2d 372 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) ("Subsections (a) and (c) clearly divide *state jail felonies* into two distinct categories, and provide separate methods of punishment for each. For clarity, we refer to the two distinct categories as 'regular *state jail felonies*' and '*aggravated state jail felonies*.'" (emphasis added)).[3]

Section 12.425 establishes the circumstances under which sentencing for a state jail felony may be enhanced. That statute creates three ways in which to enhance the punishment of a state jail felony offense. First, under Section 12.425(a), upon conviction of a standard state jail felony, a defendant may be punished within the third degree felony punishment range if it is shown that

---

[3]Classification of state jail felonies as either aggravated or non-aggravated is similar to the classification of non-state jail felony offenses as either 3g or non-3g offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g. While 3g and non-3g offenses are all felony offenses, different community supervision and parole eligibility rules apply to 3g versus non-3g offenses. Similarly, while state jail felonies under Section 12.35(a) and aggravated state jail felonies under Section 12.35(c) are all state jail felonies, different enhancement rules apply to standard state jail felonies than to aggravated state jail felonies. The nature of those enhancement differences is discussed more fully below.

"the defendant has previously been finally convicted of two state jail felonies punishable under Section 12.35(a) . . . ." TEX. PENAL CODE ANN. § 12.425(a). Second, under Section 12.425(b), upon conviction of a standard state jail felony, a defendant may be punished within the second degree felony punishment range if he or she has "previously been finally convicted of two felonies other than a state jail punishable under Section 12.35(a)" and the second conviction occurred after the first conviction became final. TEX. PENAL CODE ANN. § 12.425(b). Finally, under Section 12.425(c), upon conviction of an aggravated state jail felony under Section 12.35(c), a defendant may be punished within the second degree felony punishment range if "the defendant has previously been finally convicted of a felony other than a state jail felony punishable under section 12.35(a)." TEX. PENAL CODE ANN. § 12.425(c). Thus, Section 12.425 creates a third type of state jail felony, an enhanced state jail felony.

Accordingly, for purposes of enhancement under Section 12.425, the various types of non-state jail and state jail convictions fall into four groups:

| ENHANCEMENT GROUPS | |
|---|---|
| GROUP NAME | GROUP MAKEUP |
| Non-State Jail Felonies | Capital felonies and first, second, and third degree felonies. TEX. PENAL CODE ANN. §§ 12.31(a), 12.32(a), 12.33(a), 12.34(a) |
| Standard State Jail Felonies | State jail felony convictions resulting in incarceration in state jail facility for not more than two years or not less than 180 days. TEX. PENAL CODE ANN. § 12.35(a) |
| Aggravated State Jail Felonies | State jail felony convictions punished under third degree felony punishment range due to aggravating factor. TEX. PENAL CODE ANN. § 12.35(c) |
| Enhanced State Jail Felonies | State jail felony convictions punished under either third degree or second degree felony punishment range due to enhancements based on defendant's prior criminal convictions. TEX. PENAL CODE ANN. § 12.425 |

8

### 3. Determining Which of the Four Classes of Felonies May be Combined Under Section 12.425

The statutory language of Section 12.425 is clear that the determinative factor in deciding whether and how each of the four types of felonies may be utilized to enhance a state jail felony is whether the prior conviction was "punishable under section 12.35(a)." TEX. PENAL CODE ANN. § 12.425. Those prior convictions that are "punishable under section 12.35(a)" may be combined, and those prior convictions that are not "punishable under section 12.35(a)" may be combined, but a prior conviction that is "punishable under section 12.35(a)" may not be combined with one that is not. Therefore, we must determine which of the four categories of prior felony convictions listed above are "punishable under section 12.35(a)" and which are not.

Much of the confusion in applying Section 12.425 arises from the failure to differentiate between non-state jail felonies and enhanced state jail felonies. The two felonies are not the same for enhancement purposes even if they had the same sentencing range. A state jail felony enhanced under Section 12.425 may have been *punished* under that section, but it was still *punishable* under Section 12.35(a). By contrast, a non-state jail felony is never punishable under Section 12.35(a). A state jail felony does not become a non-state jail felony merely because its sentence was enhanced under Section 12.425; rather, it becomes an enhanced state jail felony. *See Garza*, 298 S.W.3d at 845 ("because of the jury's affirmative finding of the use of a deadly weapon during the commission of the offense, the offense became an aggravated state jail felony *punishable* under Section 12.35(c) as a third degree felony. The state jail felony . . . did not, however, become a

9

third degree felony.").[4]  Consequently, a non-state jail felony and an enhanced state jail felony are not the same.  When evaluating whether prior convictions may be combined to enhance a state jail felony under Section 12.425, it is the classification of the offense that is determinative, not the classification of the punishment.

In *State v. Webb*, the Court of Criminal Appeals reached the same conclusion in interpreting Section 12.42(d)'s habitual offender enhancement provision and former Section 12.42(a)'s state jail felony enhancement provisions.[5]  *State v. Webb*, 12 S.W.3d 808, 809 (Tex. Crim. App. 2000).  In *Webb*, the State charged the defendant with a non-aggravated state jail felony in an indictment which also included two enhancement allegations.  *Id.*  In the first enhancement paragraph, the State attempted to enhance the non-aggravated state jail felony to a second degree felony under the predecessor to Section 12.425.  *Id.*  In the second enhancement paragraph, the State alleged two other sequential, non-state-jail-felony convictions in an effort to enhance Webb's punishment range to that of a habitual offender, i.e., not less than twenty five years or more than ninety-nine years or life in prison.  *Id.*; *see* TEX. PENAL CODE ANN. § 12.42(d).  Thus, in one indictment, the State attempted to stack two enhancements to convert a non-aggravated state jail

---

[4]Logically, an aggravated state jail felony is also "punishable under section 12.35(a)" because the jury could find the enhancement allegations are not true.  Yet, Section 12.425(c) does not condition enhancement on whether an aggravated state jail felony is "punishable under section 12.35(a)," but on whether "punishment may be enhanced under section 12.35(c)."  *See* TEX. PENAL CODE ANN. § 12.425(c).  Thus, if an indictment alleges an aggravated state jail felony under Section 12.35(c), then it can only be enhanced under Section 12.425(c) even though it is technically "punishable under Section 12.35(a)."

[5]Texas Penal Code Section 12.42(a)'s state jail felony enhancement provisions were repealed and replaced by current Section 12.425.  Act of May 25, 2011, 82d Leg., R.S., ch. 834, § 2, 2011 Tex. Gen. Laws 2104, 2105; *see Samaripas v. State*, 454 S.W.3d 1, 6 n.3 (Tex. Crim. App. 2014).

felony into a habitual non-state jail felony offense with a twenty-five-year minimum sentence. *Webb*, 12 S.W.3d at 809.[6]

To achieve that double enhancement, the State argued that once a non-aggravated state jail felony was enhanced under Section 12.42(a),[7] it was no longer punishable under Section 12.35(a) and thus could be enhanced again under Section 12.42(d). *Id*. at 811. The Court of Criminal Appeals rejected this argument, noting that "this interpretation isolates the words 'punishable under' from their context and fails to differentiate between an enhanced offense and an enhanced punishment." *Id*. Ultimately, the double enhancement sought by the State was unavailable because even though the first enhancement would increase the punishment range from a state jail felony to a second degree felony punishment range, the offense was still punishable under Section 12.35(a), and Section 12.42(d) only applies to "the trial of an offense, other than a state jail felony punishable under Section 12.35(a)." TEX. PENAL CODE ANN. § 12.42(d).

In her concurring opinion, Presiding Judge Keller noted that if the Legislature had intended the result advocated by the State, it could have conditioned the use of prior convictions for enhancement on whether they were "punishable *only* under Section 12.35(a)." *Id*. at 813 (Keller, J., concurring). "The addition of the word 'only' to the statute would have made clear that other enhancements to a § 12.35(a) offense would have made the offense eligible under § 12.42(d)." *Id*. Therefore, according to the Court of Criminal Appeals' reasoning in *Webb*, a state jail felony

---

[6]The key distinction between standard state jail felonies and aggravated state fail felonies is that, unlike the standard state jail felony offense in *Webb*, an aggravated state jail felony may be enhanced twice in the same proceeding: once under Section 12.35(c) and again under Section 12.425(c). *See Garza*, 298 S.W.3d at 844–45 (Appellant's state jail felony offense enhanced to third degree punishment under Section 12.35(c) and then enhanced to second degree punishment under former Section 12.42(a)(3), which is now Section 12.425(c).).

[7]*See supra* note 4.

11

offense is "punishable under Section 12.35(a)" if it is capable of being punished under that section.[8]

### 4.     Identification of the Possible Combinations Under Section 12.425

Under that definition, standard state jail felonies and enhanced state jail felonies are both punishable under Section 12.35(a) even though enhanced state jail felonies are punished under different sections.  Likewise, both non-state jail felonies and aggravated state jail felonies are not state jail felony offenses punishable under Section 12.35(a) and will never be.[9]  Because enhancement under Section 12.425 involves combining two prior felony convictions of the same type, then only the following combinations are permissible to enhance a state jail felony under Section 12.425:

---

[8]"The distinction between the former 'punished under Section 12.35(a)' language and the current 'punishable under Section 12.35(a)' is significant here because Appellant was not punished under Section 12.35(a) but his prior offense was *punishable* under that section." *Samaripas*, 454 S.W.3d at 8 n.5 (discussing impact of 2011 statutory amendments to Section 12.42 that repealed former Section 12.42(e) and replaced it with amendment to Section 12.42(d) using language at issue in this case).  Thus, regardless of how the state jail felony was actually punished, what is important is whether it is capable of being punished under Section 12.35(a).

[9]*See supra* note 4.

| ENHANCING STATE JAIL FELONIES | | |
|---|---|---|
| **TPC**[10] **§ 12.425(A)** | A state jail felony "punishable under Section 12.35(a)" may be enhanced by proof of one of the following combinations of prior convictions: | 2 – standard state jail felony convictions **OR** |
| | | 2 – enhanced state jail felony convictions **OR** |
| | | 1 – standard state jail conviction **AND** 1 – enhanced state jail felony conviction |
| **TPC § 12.425(B)** | A state jail felony "punishable under Section 12.35(a)" may be enhanced by proof of the following combination of prior convictions: | 2 – non-state jail felony convictions, where the second one was committed after the first one became final |
| **TPC § 12.425(C)** | A state jail felony for which "punishment may be enhanced under Section 12.35(c)" may be enhanced by proof of one of the following prior convictions: | 1 – non-state jail felony conviction **OR** |
| | | 1 – aggravated state jail felony conviction |

Any combination other than those listed above is ineffective to enhance a state jail felony under Section 12.425. Having identified the permissible combinations, we can now determine whether the State's combination against Thomas was able to enhance his sentence in this case.

### B. Application of the Law to the Facts

In this case, the State did not admit any penitentiary packets to demonstrate the nature of Thomas' prior convictions for enhancement purposes. Nevertheless, the State identified them on the record as a prior conviction of escape and a prior conviction of burglary of a building. Moreover, Thomas admitted that the State's allegations were true, that he had been sentenced to serve three years' imprisonment for the burglary of a building conviction and that the charge was enhanced because he had two prior state jail felony convictions. He also admitted that the escape

---

[10]Texas Penal Code.

conviction arose when he "was the only one in the jail at that time, and he asked me if I wanted to take the trash out, and he sent me out back by myself. . . . And I walked away." From this testimony, we can determine that the escape conviction was a non-state jail felony conviction[11] and that the burglary of a building conviction was an enhanced state jail conviction.

As shown above, a state jail felony offense may not be enhanced under any of the subsections of Section 12.425 with the combination of a non-state jail felony conviction and an enhanced state jail conviction. Accordingly, the enhanced sentence imposed in this case was not permitted under Section 12.425, and the sentence imposed against Thomas is outside the permissible punishment range for a state jail felony. When that occurs, "the case may be remanded to the trial court for the proper assessment of punishment." *Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006) (citing *Levy v. State*, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991)).

## III.   Conclusion

For the foregoing reasons, we sustain Thomas' point of error. We affirm Thomas' conviction, reverse the trial court's sentence, and remand this case to the trial court for a new punishment hearing.

Ralph K. Burgess
Justice

Date Submitted:    August 17, 2015
Date Decided:      November 20, 2015

Publish

---

[11]Escape while "confined or lawfully detained in a secure correctional facility or law enforcement facility" is a third degree felony. TEX. PENAL CODE ANN. § 38.06(c) (West Supp. 2014).