Cody Lang THOMAS, Appellant

v.

The STATE of Texas

NO. PD-0295-16

Court of Criminal Appeals of Texas.

Delivered: April 5, 2017

ATTORNEYS FOR APPELLANT: Martin Eric Braddy, Martin Braddy Attorney at Law, 121A Oak Avenue, Sulphur Springs, TX 75482.

ATTORNEYS FOR THE STATE: Lisa McMinn, Stacey Soule, State Prosecuting Attorney's, P.O. Box 13046, Austin, TX 78711.

## OPINION

Alcala, J., delivered the opinion for a unanimous Court.

In this State's petition for discretionary review, we address the proper remedy for an illegal sentence imposed as a result of a charge-bargained guilty plea. Cody Lang Thomas, appellant, agreed to enter an open plea of guilty to state-jail felony theft as a lesser-included offense of the charged offense of third-degree felony engaging in organized criminal activity. Because the State sought to enhance the state-jail felony theft charge with two prior convictions, the parties believed that appellant was subject to a punishment range for a second-degree felony. The trial judge sentenced appellant to twenty years' imprisonment. On appeal, the court of appeals determined that this twenty-year sentence was illegal due to an improper application of prior-conviction enhancements resulting in a sentence outside the statutory range, and it remanded the case for a new punishment hearing. In its petition for discretionary review, the State does not challenge the court of appeals's holding that appellant's sentence was illegal, but it contends that the court of appeals erred by remanding appellant's case for resentencing because the proper remedy for the illegal sentence under these circumstances is setting aside appellant's guilty plea.[1] We agree with the State's position that, because this was a negotiated plea-bargain agreement for an illegal range of punishment, the parties must be returned to their original positions prior to entering into that plea bargain. Accordingly, we reverse the court of appeals's judgment that had remanded this case for a new punishment hearing, and we instead set aside appellant's guilty plea and remand this case for a new trial in its entirety.

## I. Background

Appellant was indicted for the offense of engaging in organized criminal activity. TEX. PENAL CODE § 71.02(a). The alleged underlying offense was theft of property worth more than $1,500 but less than $20,000, a state-jail felony. *Id.* § 31.03(e)(4) (West 2015). Because the underlying offense of theft was a state-jail felony, the

---

1. In its ground for review, the State asks, What is the proper remedy when the defendant and the State "charge bargain" for an open plea of guilty to a lesser-included offense and the trial judge imposes an illegal sentence?

engaging in organized criminal activity charge was a third-degree felony, punishable by two to ten years in prison. *Id.* § 71.02(b). However, appellant had several prior criminal convictions, including convictions for: (1) third-degree felony escape and (2) state-jail felony burglary of a building, the sentence for which had been enhanced to a third-degree felony punishment range by two additional prior state-jail felony convictions. The State gave oral notice to appellant that, if his case went to trial, it would seek to use these prior convictions to enhance his sentence for the engaging in organized criminal activity charge. Both appellant and the State mistakenly believed that, with these prior convictions serving as enhancements, the punishment range for the charge of engaging in organized criminal activity would be from twenty-five to ninety-nine years or life under the Habitual Felon statute. *See id.* § 12.42(d).[2] Appellant and the State negotiated a charge-bargain agreement. The State agreed to reduce the engaging in organized crime charge to the lesser-included offense of state-jail felony theft in exchange for appellant's plea of guilty to the lesser offense and his plea of true to the enhancements. The printed plea admonishment reflected the parties' understanding that, due to the enhancements, the theft charge would be punished as a second-degree felony, punishable by two to twenty years' imprisonment and a fine not to exceed $10,000. After advising appellant of the potential two to twenty year punishment range, the trial judge accepted appellant's plea to the theft offense and found the enhancements due to his prior convictions true. The trial judge then sentenced appellant to twenty years' imprisonment.

On appeal, appellant asserted that the sentence imposed against him was illegal because it was improper to combine his prior convictions to enhance the range of punishment for state-jail felony theft to that of a second-degree felony. The court of appeals sustained appellant's challenge. *Thomas v. State*, 481 S.W.3d 685, 686 (Tex. App.—Texarkana 2015) (reh'g denied). The court of appeals explained that a sentence for a state-jail felony—here, theft—may not be enhanced under Section 12.425 of the Texas Penal Code through a combination of a prior conviction for a non-state jail felony (the third-degree felony escape conviction) and a prior conviction for an enhanced state-jail felony (the state-jail-felony burglary conviction). *Id.* at 693; TEX. PENAL CODE § 12.425. Thus, the court of appeals held that the enhanced sentence imposed by the trial court was outside the permissible range of punishment for a state-jail felony. *Thomas*, 481 S.W.3d at 693. Because the twenty-year sentence assessed was outside the permissible range of punishment, the court of appeals determined that the proper remedy was to remand the case to the trial court for a new punishment hearing. *Id.* (citing *Ex parte Rich*, 194 S.W.3d 508, 514 (Tex. Crim. App. 2006)).

The State filed a motion for rehearing in which it asked the court of appeals to reform its judgment by remanding the case to the trial court for a new trial in its entirety, rather than remanding only for a new punishment hearing. The State asserted that, had it realized that appellant would be facing only up to two years' confinement for the state-jail offense, it very likely would not have entered into the plea agreement. The State contended that the "crux of the original plea agreement

---

**2.** This view was mistaken because, pursuant to Penal Code Section 12.42(d), appellant's prior state-jail felony burglary conviction was

not available to enhance his third-degree felony charge for engaging in organized criminal activity. TEX. PENAL CODE § 12.42(d).

dealt with removing the [engaging in organized criminal activity] language in the indictment and capping the punishment at twenty years in the penitentiary." The State further averred that appellant "readily admitted and pled true to the two enhancement paragraphs in order to obtain this benefit." Citing language from this Court's opinion in *Ex parte Adkins*, the State contended that the proper remedy was to set aside the plea agreement because to uphold the agreement under these circumstances would "adjust the tenor of the mutual obligation entered into by the parties" and would "create a new bargain not contemplated by the parties or the trial court when it accepted the plea agreement and entered its judgment accordingly." *See* 767 S.W.2d 809, 811 (Tex. Crim. App. 1989). The court of appeals summarily rejected these arguments by overruling the State's motion.

In the instant proceeding, neither the State nor appellant challenges the correctness of the court of appeals's analysis with respect to the impermissibility of combining appellant's two prior convictions to enhance the range of punishment for a state-jail felony to that of a second-degree felony. The sole question at issue in this proceeding, therefore, is the propriety of the court of appeals's decision to remedy the illegal sentence by upholding appellant's conviction and remanding the case to the trial court for a new punishment hearing. Appellant argues that the court of appeals's decision to remand his case for a new punishment hearing is proper because the precise range of punishment available was not a binding element of the plea agreement. In appellant's view, the charge-bargain plea agreement in this case was limited to an agreement to reduce the third-degree-felony charge for engaging in organized criminal activity to a state-jail felony theft charge in exchange for appellant's plea of guilty to the lesser

offense. Despite being admonished that a guilty plea to theft would expose him to a punishment range applicable for second-degree felonies, appellant argues that such exposure was not a term or condition of the parties' agreement. Thus, appellant asserts that the fact that the parties misunderstood the enhancement effect of the prior convictions and the fact that appellant is no longer subject to second-degree felony punishment has not negated the bargain of the initial agreement—a reduced charge in exchange for relieving the State of the burden of proving its case. Conversely, the State reiterates the arguments it presented to the court of appeals in its motion for rehearing by contending that the proper remedy under these circumstances is to set aside the plea and judgment rather than reassessing only the sentence. In the State's view, remanding for a new punishment hearing gives appellant an undeserved windfall because it discards the second-degree felony punishment contemplated by the parties at the time that they entered into the plea agreement but preserves a state-jail felony conviction for which the State could have sought a conviction for a third-degree felony and habitual punishment. Thus, in the State's view, because the bargained-for exchange has been undermined, the proper remedy is to set aside the plea and return the parties to their positions prior to the guilty plea.

We agree with the State's view that the appropriate remedy under these circumstances is to set aside appellant's guilty plea and restore the parties to their original positions prior to entering into the plea agreement. We explain our reasoning below.

## II. Analysis

"At its core, a plea bargain is a contract between the state and the defen-

dant." *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). The contract that results from the plea bargaining process is the product of a defendant's relinquishment of his right to go to trial in exchange for a reduction in the charge and/or sentence. *Perkins v. Ct. App. for Third Jud. Dist. of Tex.*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987). In interpreting plea agreements, we apply general contract-law principles. *See Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016). Appellate courts look to the written agreement, as well as the formal record, to determine the terms of the plea agreement, and we will imply a term only when necessary to effectuate the intention of the parties. *Ex parte Moussazadeh*, 64 S.W.3d 404, 411-12 (Tex. Crim. App. 2001).

There are two basic types of plea bargains—sentence bargains and charge bargains. *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Sentence bargaining involves a situation in which a defendant agrees to enter a plea of guilty in exchange for the State's binding or nonbinding recommendation to the court regarding punishment. *Id.* Charge bargaining, in turn, involves questions of whether a defendant "will plead guilty to the offense that has been alleged or to a lesser or related offenses, and of whether the prosecutor will dismiss, or refrain from bringing, other charges." *Id.* Thus, "it is obvious that sentence-bargaining involves punishment, and almost equally obvious that charge-bargaining affects punishment." *Id.* We have recognized the functional similarity between sentence bargaining and charge bargaining because, in the case of charge bargaining, the State's agreement to forgo prosecution for a pending charge in exchange for a defendant's plea to a lesser offense effectively places a cap on the possible punishment. *See id.* at 813-14; *see also Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009) (observing that charge-bargain agreement by which defendant pleaded guilty to one charge in exchange for dismissal of another "effectively capped [the defendant's] punishment to the applicable punishment range for the agreed-upon offense"). Therefore, given the functional similarity between sentence bargaining and charge bargaining, in general, our case law concerning the proper remedy when a plea bargain that was based on sentence bargaining is subsequently challenged applies to plea bargains based on charge bargaining as well.

In the context of sentence bargaining, we have previously held that, when a portion of a plea agreement is unenforceable to one party's detriment, the proper remedy is to set aside the plea agreement and restore the parties to their original bargaining positions. In *Shannon v. State*, the defendant was charged with delivery of more than 400 grams of diazepam, but he entered into a plea agreement with the State by which he agreed to plead guilty to simple possession in exchange for a two-year sentence. 708 S.W.2d 850, 851 (Tex. Crim. App. 1986). However, because the offense to which Shannon pleaded guilty was a class A misdemeanor, the two-year agreed sentence was illegal. *Id.* at 852. This Court held that Shannon's guilty plea must be set aside. *Id.* We reasoned that, "when a defendant attacks the sentence he received, and for which he bargained, he is attacking the entire judgment of conviction. To permit resentencing in this situation is to bind only one party to the agreement. This is neither logical nor fair." *Id.* We, therefore, held that, "[w]hen a defendant, who has entered a negotiated plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance of the plea, if possible, or, if not, withdrawal of the plea, with both par-

ties, *including the State*, returned to their original positions." *Id.* (emphasis original).

Acknowledging the contractual nature of plea bargains, we have additionally stated that, in deciding between specific performance of the plea agreement or withdrawal of the plea, it is necessary not only to consider the mutual advantage, but also not to alter "the tenor of the 'mutual obligation' entered into by the parties," or to "create a new bargain not contemplated by the parties or the trial court when it accepted the plea agreement and entered its judgment accordingly." *Adkins*, 767 S.W.2d at 810-11.

In the present case, appellant has successfully challenged his conviction as void due to his sentence exceeding that which was statutorily permissible. *Thomas*, 481 S.W.3d at 693. Because the principles discussed above apply to charge bargains as a species of plea bargains, the focus in the instant case is upon whether the correct remedy under these circumstances is specific performance of the plea agreement or setting aside appellant's guilty plea. In this case, we conclude that setting aside appellant's plea and restoring both parties to their respective positions prior to the negotiated charge bargain is the correct remedy. We reach this conclusion because the parties' agreement in this case was premised on appellant facing a second-degree felony range of punishment for the lesser offense to which he pleaded guilty, but that range of punishment was unavailable for a state-jail felony in this case. Thus, under these circumstances, specific performance of the agreement is not possible. Moreover, we find that the rationale announced in *Shannon* that it is neither logical nor fair to bind the State to its agreement pursuant to the plea bargain while simultaneously releasing the defendant from his obligations applies in this case. *Shannon*, 708 S.W.2d at 852. The State agreed to forgo its prosecution of appellant for engaging in organized criminal activity on the condition that appellant face a second-degree felony punishment range of two to twenty years for the lesser offense. Appellant agreed to plead guilty to the lesser offense and accept punishment in the second-degree felony range rather than face a potentially longer sentence had the State pursued the original third-degree felony charge against him. If we were to uphold appellant's guilty plea and permit resentencing under these circumstances, on remand the State would be deprived of the opportunity to pursue the same range of punishment as originally contemplated when it agreed to the plea bargain. Such an outcome would unfairly bind the State to its obligation to reduce the charge to a state-jail felony while releasing appellant from his agreement to be sentenced within the range of a second-degree felony. This would give appellant the windfall of an unenhanced state-jail felony punishment that was neither contemplated by nor agreed upon by the parties. Thus, to avoid giving appellant an undeserved windfall at the expense of the State, the appropriate remedy in this case is to reverse the conviction—not just the punishment—so as to put the parties in the same position as before they agreed to sentencing within an illegal punishment range.

In the course of reaching this conclusion, we acknowledge appellant's argument that upholding his guilty plea and reversing only as to punishment would not actually result in an unjust windfall to him because the punishment range was not a binding element of the agreement. We, however, are unpersuaded by this argument. Appellant contends that there was no written plea agreement beyond the printed form admonishments, so the terms of the agreement must be deduced from the record. We have said, "Appellate courts look to the written agreement, as well as the formal

record, to determine the terms of the plea agreement, and we will imply a term only when necessary to effectuate the intention of the parties." *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). Here, the record shows that the intent of the parties was not merely to trade a guilty plea to a state-jail felony in exchange for not requiring the State to prove its case on the charged offense; rather, the record reflects that the parties' agreement was to forgo prosecution on the greater charge and permit appellant to plead to the lesser offense only on the condition that he also plead guilty to two enhancements and be sentenced in accordance with a second-degree felony. During the plea hearing, the trial judge asked,

> [Court] Well, [appellant], it is my understanding that what you are intending to do today is waive a jury trial on this case, waive your rights to—to that jury trial and plead guilty to the lesser included offense of state jail felony theft enhanced to a second-degree felony because of two prior pen trips. Is that correct?
>
> [Appellant] Yes.
>
> [Court] Now, there is no agreement—there's no agreed upon sentence recommendation commonly called a plea bargain agreement. The State would likely be asking for one thing. You would likely be asking for something else. The Court could do anything. I could defer adjudication, placing you on community supervision. I could find you guilty and give you a sentence of 10 years or less and probate that. I could find you guilty and sentence you to just 2 years to do or 20 years to do or anything in between. You understand all my options, right?
>
> [Appellant] Yes, sir.

Thus, the record indicates that appellant and the State contemplated a punishment within the range applicable to a second-degree felony. Under these circumstances, we conclude that the applicable range of punishment constituted a material element of the plea agreement and, therefore, because that portion of the plea agreement resulted in an illegal sentence and is unenforceable, the proper remedy is to set aside the agreement. *See Shannon*, 708 S.W.2d at 852.

### III. Conclusion

The court of appeals correctly held that the sentence imposed by the trial court under the plea agreement in this case was illegal. However, the remedy chosen by the court of appeals to address the illegal sentence ignores the mutual benefit and detriment assumed by appellant and the State in resolving this case at the trial level through a negotiated plea agreement. Accordingly, we reverse the court of appeals's judgment that had remanded this case for a new punishment hearing, and we set aside appellant's guilty plea and remand this case to the trial court for appellant to answer the charges set forth in the indictment, thereby returning both parties to their original positions.