**AFFIRM; REVERSE and REMAND and Opinion Filed November 2, 2021**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-20-00791-CR**

**No. 05-20-00792-CR**

**No. 05-20-00793-CR**

_____

**SHAWN PATRICK THURMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-25733-W, F19-25734-W, F19-25753-W**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

Appellant pleaded guilty and judicially confessed to five offenses, two of which are at issue in this appeal. Specifically, appellant argues that the trial court fundamentally erred by using an incorrect combination of prior convictions to enhance his state jail felony convictions for burglary of a building ("burglary") and unauthorized use of a motor vehicle ("UUMV").[1] As discussed below, we agree that the trial court erred by imposing a sentence outside the applicable range of

_____

[1] The sentence for the third offense, possession of a controlled substance, is not at issue in this appeal.

punishment by enhancing punishment for these two state jail felonies with an incorrect combination of prior convictions. Accordingly, we affirm the trial court's judgment of conviction in the burglary of a building and unauthorized use of a motor vehicle cases, reverse the punishments, and remand to the trial court for new punishment hearings on those two offenses. The trial court's judgment in the possession of a controlled substance case affirmed.

## I. BACKGROUND

Appellant was charged with three state jail felonies: burglary, UUMV, and possession of a controlled substance. Each indictment alleged that punishment should be enhanced by two prior convictions.[2] One of these prior convictions, a $1500 theft, was used to enhance all three indictments. In the burglary and UUMV cases, the State alleged that the prior theft was a felony. But in the controlled substance case, the same prior theft was alleged to be a state jail felony.[3] Appellant pleaded true and judicially confessed to all enhancements. The trial court sentenced

---

[2] Burglary and UUMV were enhanced by prior convictions for the $1500 theft and possession with the intent to deliver. The possession of a controlled substance offense was enhanced by prior convictions for the $1500 theft and burglary of a building.

[3] The record reflects that the $1500 theft and burglary of a building enhancements were charged as state jail felonies. Two prior state jail felonies may be combined to enhance a state jail felony. *See* TEX. PENAL CODE ANN. § 12.425(a). Therefore, punishment for the possession of a controlled substance offense was properly enhanced to a third-degree felony with a range of punishment of 2-10 years imprisonment. *See* TEX. PENAL CODE ANN. § 12.34. Thus, the punishment assessed for the possession of a controlled substance offense is within the statutory range.

appellant to ten years in prison in each of the three cases, with the sentences to run concurrently.[4]

## II. ANALYSIS

Appellant argues that the ten-year sentences imposed for the burglary and UUMV offenses are illegal because they are outside the applicable punishment range. He further argues that an objection was not required to preserve these errors because the contemporaneous objection rule does not bar review of a claim that a sentence is illegal because it is outside the maximum range of punishment.

We agree that a contemporaneous objection was not required in this case. *See Burg v. State*, 592 S.W.3d 444, 449 (Tex. Crim. App. 2020). Therefore, we examine whether appellant's sentences for burglary and UUMV are outside the applicable range of punishment.

The burglary and UUMV offenses were charged as state jail felonies. A state jail felony is punishable by confinement in state jail for a term between 180 days and two years. TEX. PENAL CODE ANN. §12.35(a).[5] The punishment range for an offense ordinarily punished under this provision may be enhanced by prior convictions in one of two ways:

---

[4] The three sentences for possession of a controlled substance, burglary, and UUMV are to run concurrently with two other ten-year sentences for offenses that are not at issue in this appeal.

[5] There are also special punishment provisions for certain offenses not applicable here. *See* TEX. PENAL CODE ANN. § 12.35(C), 12.425(C).

    a) two prior state-jail-felony convictions enhance the punishment range to that of a third-degree felony, or

    b) two prior (non–state jail) felony convictions enhance the punishment range to that of a second-degree felony.

*See* TEX. PENAL CODE ANN. § 12.425 (a), (b). But a prior state jail felony and a prior non–state jail felony may not be used to enhance state-jail-felony punishment. *See Thomas v. State*, 481 S.W.3d 685, 693 (Tex. App.—Texarkana 2015), *rev'd on other grounds*, 516 S.W.3d 498 (Tex. Crim. App. 2017).

The record reflects that appellant's prior theft conviction was a state jail felony, and thus could not be combined with a non-state jail felony to enhance punishment in the UUMV and burglary cases. *See Thomas*, 481 S.W.3d at 693; TEX. PENAL CODE ANN. §§ 12.45 (a)-(c). Absent enhancement, the maximum punishment for a state jail felony is two years. *See* TEX. PENAL CODE ANN. § 12.35(a).

The trial court, however, imposed a ten-year sentence in the state jail felony UUMV and burglary cases. These sentences are illegal because they are outside the applicable range of punishment. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

Therefore, we affirm the trial court's judgment of conviction for UUMV and burglary, reverse the punishments, and remand to the trial court for new punishment hearings on those offenses.

The trial court's judgment for possession of a controlled substance is in all respects affirmed.

 /Dennise Garcia/ 
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200791F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHAWN PATRICK THURMAN,
Appellant

No. 05-20-00791-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-25733-W.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.


Based on the Court's opinion of this date, the trial court's judgment of conviction is **AFFIRMED**, the punishment is **REVERSED,** and the case is **REMANDED** to the trial court for a new punishment hearing.


Judgment entered November 2, 2021



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHAWN PATRICK THURMAN, Appellant

No. 05-20-00792-CR　　V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-25734-W. Opinion delivered by Justice Garcia. Justices Schenck and Smith participating.

　　　Based on the Court's opinion of this date, the trial court's judgment of conviction is **AFFIRMED**, the punishment is **REVERSED,** and the case is **REMANDED** to the trial court for a new punishment hearing.

Judgment entered November 2, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHAWN PATRICK THURMAN,
Appellant

No. 05-20-00793-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-25753-W.
Opinion delivered by Justice Garcia.
Justices Schenck and Smith
participating.

      Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered November 2, 2021