COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Joseph AnthonyAnderson, III v. The State of Texas

Appellate case number:   01-21-00449-CR

Trial court case number: 19DCR0521

Trial court:             344th District Court of Chambers County

In reviewing the clerk's record in this case, the Court has identified a jurisdictional concern involving the certification of the defendant's right to appeal. Appellant's counsel has filed an *Anders* brief but has not mentioned the certification of appellant's right to appeal. Accordingly, the Court enters the following order.

Appellant, Joseph Anthony Anderson, III, was indicted by a grand jury on three counts of aggravated sexual assault of a child. Appellant agreed to plead guilty to count III of the indictment in return for the State abandoning counts I and II. There was no agreement as to punishment. During the plea hearing, the trial court admonished appellant of the consequences of the plea and advised appellant that the trial court would consider the full range of punishment of not less than five years nor more than 99 years in the Texas Department of Criminal Justice. The trial court signed a certification of the defendant's right to appeal and advised the appellant that he would have a very limited right to appeal. The trial court then ordered a pre-sentence investigation report and held a hearing in which the State presented three witnesses. The trial court signed a judgment of conviction, adjudicating appellant guilty of one count of aggravated sexual assault of a child and sentencing appellant to 12 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal.

The trial court's certification of appellant's right to appeal states that this is a plea-bargain case and appellant has no right to appeal, but the trial court added a hand-written interlineation to the effect that this lack of a right to appeal related only to the guilt-innocent portion of the case.

Because appellant pleaded guilty to one count of aggravated sexual assault of a child in exchange for the State agreeing to abandon the other two counts of aggravated sexual assault of a child, this is a charge-bargain case. A charge bargain is one in which the defendant agrees to plead guilty in return for the State's agreement to dismiss, or refrain from bringing, other charges. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). When the case involves a charge bargain with sentencing left to the judge's discretion, the charge bargain agreement "effectively [caps] punishment to the applicable punishment range for the agreed-upon offense." *Kennedy v.*

*State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009). The State's agreement to forgo prosecution for a pending charge in exchange for the defendant's plea of guilty to another charge effectively caps the possible punishment. *See Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017). And the trial court in this case admonished appellant that the applicable punishment range was from 5 to 99 years.

Moreover, the trial court's oral statement to appellant that he had a limited right to appeal was correct. Rule 25.2(a)(2) applies to charge-bargain cases. *See Kennedy*, 297 S.W.3d at 342. Thus, appellant has the right to appeal (1) only those matters raised by written motion filed and ruled on before trial, or (2) after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). But in certifying appellant's right to appeal the trial court did not check either the box regarding appeal of matters raised by written motion or the box indicating that the trial court had given permission to appeal. Instead, the trial court checked a box that correctly notes that this is a plea-bargain case but states that appellant has no right to appeal. The trial court's interlineation of "guilt/innocence" is confusing in conjunction with that statement's preclusion of the right to appeal. Although the trial court may have intended to grant permission to appeal, it did not do so when it checked the box precluding the right to appeal.

The Texas Rules of Appellate Procedure permit amendment of a defective certification and prohibit us from dismissing an appeal based on the lack of a valid certification when we determine that an appellant may have a right of appeal. *See* TEX. R. APP. P. 25.2(f), 34.5(c)(2), 37.1, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we **abate** the appeal and **remand** the cause to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Chambers County District Attorney's Office and appellant's counsel, Dan Bradley, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1] We **direct** the trial court to execute an amended certification of defendant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d), (f), 34.5(a)(12), (c)(2), 37.1.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court **no later than 30 days from the date of this order**. *See* TEX. R. APP. P. 34.5(c)(2).

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

It is so ORDERED.


Judge's signature: _____/s/ Richard Hightower_____
      ☑ Acting individually  ☐ Acting for the Court


Date: __June 21, 2022_____