**Affirmed as Reformed and Opinion Filed January 29, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**Nos.**
**05-22-01264-CR**
**05-22-01265-CR**
**05-22-01266-CR**
**05-22-01267-CR**
**05-22-01268-CR**

**KEITH GASTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-37243-V; F21-34003-V; F21-34645-V; F21-34004-V; and F20-37245-V**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Pedersen, III

Appellant brings one appellate issue, arguing the trial court's judgments should be modified to reflect that he entered plea-bargain agreements with the State.

We sustain appellant's issue and affirm the trial court's judgments as reformed.

## BACKGROUND

The grand jury indicted appellant with five offenses: possession of methamphetamine, possession with intent to deliver methamphetamine, possession with intent to deliver phencyclidine, possession with intent to deliver cocaine, and possession of cocaine. At a November 21, 2022 plea hearing, the trial court accepted appellant's plea of guilty in all five cases, reviewed exhibits, and heard testimony and argument. The trial court sentenced appellant to confinement of eighteen months for possession of cocaine, five years for possession of methamphetamine, and twelve years each for manufacture with intent to deliver methamphetamine, phencyclidine, and cocaine. The trial court ordered the sentences be served concurrently. The trial court stated appellant had the right to appeal all his cases and signed certifications of appellant's right to appeal.

The trial court's judgments in appellant's cases reflect appellant entered "guilty" and "open" pleas.

## JUDGMENT MODIFICATION

Appellant argues, "Appellant contends the judgment should be reformed to properly reflect that appellant pleaded guilty with a plea bargain agreement." The State concedes, "Appellant's judgments should be reformed to indicate that Appellant entered into a plea-bargain agreement with the State."

–2–

Applicable Law

This Court has power to modify an incorrect judgment to make the record speak the truth when it has necessary information before it to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Taylor v. State*, No. 05-20-00017-CR, 2022 WL 17335689, at *14 (Tex. App.—Dallas Nov. 30, 2022, pet. ref'd) (mem. op., not designated for publication); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). This Court has power to correct judgments to reflect that appellant entered into plea-bargain agreements with the State. *See Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *6–7 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op., not designated for publication) (modifying "open plea" language in trial court's judgments to reflect terms of plea agreements).

An "open plea" of guilty can imply absence of any bargaining between the State and a defendant. *See Harper v. State*, 567 S.W.3d 450, 454 (Tex. App.—Fort Worth 2019, no pet.). However, an open plea of guilty in some instances has been defined as involving a plea where charge bargaining, but not sentence bargaining, has occurred. *See id.* (citing *Kassube v. State*, No. 12-08-00364-CR, 2010 WL 697362, at *2 n.3 (Tex. App.—Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication)). A "charge bargain" guilty-plea agreement involves questions of whether a defendant "will plead guilty to the offense that has been alleged or to a lesser or related offenses, and of whether the prosecutor will dismiss,

or refrain from bringing, other charges.'" *See Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017) (explaining sentence bargains and charge bargains).

<u>Analysis</u>

We examine the entire record to determine whether we have necessary data and information to modify judgments. *See Mack v. State*, No. 05-17-01270–CV, 2008 WL 2429317, at *2 (Tex. App.—Dallas June 17, 2008, no pet.) (mem. op., not designated for publication). The record before us demonstrates appellant's plea agreements provide for concurrent sentencing. Moreover, in appellant's plea hearing, the trial court stated appellant had entered plea bargains. The trial court stated the State had filed a motion to strike enhancement paragraphs from the indictments, thus affecting punishment ranges. Appellant acknowledged the State's motion to strike was "by way of plea bargain." The trial court confirmed the parties did not agree to punishment ranges. The trial court stated, "So this is an open plea, and, Mr. Gatson (sic), what that means is in all of these cases I have the full range of punishment available to me." The trial court confirmed appellant signed the "plea bargain agreement[s]." Consistent with the plea agreements, the trial court held from the bench that appellant would serve his sentences concurrently. The State argues the record of the plea hearing reflects appellant entered into "charge-bargain plea agreements" due to the State's agreement to strike enhancement paragraphs. *See Thomas*, 516 S.W.3d at 502. Moreover, the State argues the clerk's records demonstrate the parties agreed to concurrent sentences.

After reviewing the entire record, we conclude we have necessary data and information to modify the judgments as appellant and the State request. *See Mack*, 2008 WL 2429317, at *2. We conclude appellant and the State entered into charge-bargain plea agreements. *See Thomas*, 516 S.W.3d at 502.

Although appellant seeks modification of the judgments, he additionally requests that we reverse the judgments and remand the cases for new trial. He cites no legal authority for his additional request. Rather, we follow well-settled law, addressed above, and affirm the trial court's judgments as reformed.

We sustain appellant's sole issue on appeal.

### CONCLUSION

We modify the five trial court judgments now before us to delete the words "OPEN PLEA" from each judgment and to substitute the words "PLEA-BARGAIN AGREEMENT" in their place. We affirm the judgments as reformed.

|  |  |
|---|---|
|  | /Bill Pedersen, III/ |
| 221264f.u05 | BILL PEDERSEN, III |
| 221265f.u05 | JUSTICE |
| 221266f.u05 |  |
| 221267f.u05 |  |
| 221268f.u05 |  |
| Do Not Publish |  |
| TEX. R. APP. P. 47.2(b) |  |

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH GASTON, Appellant

No. 05-22-01264-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F20-37243-V.
Opinion delivered by Justice Pedersen, III. Justices Garcia and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The words "OPEN PLEA" shall be deleted from the trial court's judgment and the words "PLEA-BARGAIN AGREEMENT" shall be substituted in their place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of January, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH GASTON, Appellant

No. 05-22-01265-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-34003-V. Opinion delivered by Justice Pedersen, III. Justices Garcia and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The words "OPEN PLEA" shall be deleted from the trial court's judgment and the words "PLEA-BARGAIN AGREEMENT" shall be substituted in their place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of January, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

KEITH GASTON, Appellant

No. 05-22-01266-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-34645-V.
Opinion delivered by Justice
Pedersen, III. Justices Garcia and
Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The words "OPEN PLEA" shall be deleted from the trial court's judgment and the words "PLEA-BARGAIN AGREEMENT" shall be substituted in their place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of January, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH GASTON, Appellant

No. 05-22-01267-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-34004-V. Opinion delivered by Justice Pedersen, III. Justices Garcia and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The words "OPEN PLEA" shall be deleted from the trial court's judgment and the words "PLEA-BARGAIN AGREEMENT" shall be substituted in their place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of January, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH GASTON, Appellant

No. 05-22-01268-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F20-37245-V. Opinion delivered by Justice Pedersen, III. Justices Garcia and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The words "OPEN PLEA" shall be deleted from the trial court's judgment and the words "PLEA-BARGAIN AGREEMENT" shall be substituted in their place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of January, 2024