

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00299-CR

———————————————

ANTHONY STEPHENS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1678472

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Anthony Stephens appeals his conviction for aggravated assault with a deadly weapon, a second-degree-felony offense. *See* Tex. Penal Code Ann. § 22.02(a)(2). Stephens entered a guilty plea without the benefit of a sentencing bargain[1] and elected to have his punishment assessed by the trial judge. Following a sentencing hearing, the trial court sentenced Stephens to fifteen years' incarceration. This appeal followed.[2]

On appeal, Stephens's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief reflecting that counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the entire record in the case demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Stephens filed a pro se response to the *Anders* brief.[3] The State

---

[1]Although Stephens and the State did not enter into a sentencing bargain, they did enter into a charge bargain. *See Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017) (explaining the difference between "sentence bargains" and "charge bargains"). In exchange for Stephens's pleading guilty to the aggravated-assault-with-a-deadly-weapon count, the State agreed to waive three additional counts for which he had been indicted.

[2]Stephens filed a motion for new trial, which was overruled by operation of law.

[3]Stephens filed his response in the trial court, but it was forwarded to this court in a supplemental clerk's record.

did not file a brief but noted in a letter that it agreed with Stephens's counsel that there are no meritorious grounds for appeal.

We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 22, 2024