

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-97,292-01

## EX PARTE TERRY JOHN CROSSON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. C-23-0814-CR-W1
## IN THE 70TH DISTRICT COURT
## ECTOR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to a plea bargain, Applicant pleaded guilty and was convicted of possession of a controlled substance and sentenced to nine years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his plea agreement is unenforceable and the

sentence is illegal because it calls for presentence jail time credits that TDCJ will not honor. Based on the record, the trial court has determined that the award of jail time pursuant to the plea agreement cannot be fulfilled. Applicant relied on the jail time credit as an inducement to enter into the plea agreement. Therefore, Applicant's plea is involuntary. He is entitled to the relief requested. *See Thomas v. State,* 516 S.W.3d 498, 502 (Tex. Crim. App. 2017); *Ex parte Rich,* 194 S.W.3d 508, 514-15 (Tex. Crim. App. 2006).

Relief is granted. The judgment in cause number C-23-0814-CR in the 244th District Court of Ector County is set aside, and Applicant is remanded to the custody of the Sheriff of Ector County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:          April 9, 2026
Do not publish