**Opinion issued December 12, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00326-CR

————————————

**ABEL VASQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1671983**

---

## O P I N I O N

Pursuant to a plea deal, appellant Abel Vasquez pled guilty to the second-degree felony offense of indecency with a child through sexual contact,[1] and the

---

[1]      *See* TEX. PENAL CODE § 21.11(a)(1).

trial court assessed his punishment at ten years' confinement. The trial court certified that he had the "right to appeal sentencing only."

In four issues, Vasquez argues that (1) the trial court assessed court costs under the wrong statutory scheme; (2) the trial court failed to conduct an inquiry on the record into Vasquez's ability to pay costs; (3) the trial court failed to give Vasquez an oral admonishment regarding the impact of his conviction on his future right to possess a firearm; and (4) the trial court failed to give Vasquez an oral admonishment regarding the impact of his conviction on his right to vote.

Because we conclude that none of the issues raised by Vasquez on appeal fall within his limited right to appeal, we conclude that this Court lacks jurisdiction to consider his appeal. We dismiss the appeal for lack of jurisdiction.

**Background**

Vasquez was charged with continuous sexual abuse of a child[2] younger than 14 years of age, "including an act constituting the offense of indecency by contact." The complainant, K.B., was the daughter of Vasquez's girlfriend. Both K.B. and her older sister reported that Vasquez touched them inappropriately over a course of years. K.B. in particular reported that Vasquez molested her from the time she was eight years old until she was ten. She reported that he took her hand and put it down his pants, that he squeezed her breasts, and on one occasion pushed

_____

[2]    *See id.* § 21.02.

her head down to his "middle part" and told her to "lick it like a lollipop." The record further reveals that Vasquez had another charge for continuous sexual abuse of the complainant, P.G., pending in the same court.

Vasquez entered into a plea deal with the State. He agreed to plead guilty in the case involving K.B., and in return, the State agreed to reduce the offense from continuous sexual abuse of a child to indecency with a child.[3] There is no record of the plea hearing, but Vasquez signed a written waiver of constitutional rights, agreement to stipulate, and judicial confession. He acknowledged that he had no agreement with the State regarding his sentence. The document that he signed included an agreement "to waive any right of appeal which [he] may have." The trial court signed the plea agreement, with a notation that it had "admonished the defendant of the consequences of his plea" and "ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney."

The record contains written admonishments, each initialed by Vasquez, including an admonishment regarding his limited right to appeal, a waiver of the right to have the trial court orally admonish him, and a waiver of his right to have a record of his plea proceedings. The record also contains a separate written admonishment, signed by Vasquez, regarding his ineligibility to possess a firearm or ammunition.

---

[3] It appears from statements made on the record at the PSI hearing that the State also agreed to dismiss the second continuous-sexual-abuse charge against him.

3

A pre-sentence investigation (PSI) was completed. At the PSI hearing, the mother of the complainant testified regarding the impact of Vasquez's crime on her and her daughters. K.B. and her sister testified regarding instances in which Vasquez molested them and the impact his actions had on them. The PSI report was admitted under seal, along with several other documents such as a statement by Vasquez regarding his current employment status and his desire that the trial court place him on community supervision. The trial court ultimately assessed Vasquez's punishment as ten years' confinement, and it refused to award community supervision. At the end of the PSI hearing, the State represented on the record that it would dismiss the other continuous-sexual abuse-of-a-child case that was pending against Vasquez.

The trial court's judgment reflected Vasquez's conviction for indecency with a child, which it listed as a second-degree felony, and his punishment for 10 years' confinement. It also required Vasquez to register as a sex offender. Finally, the judgment reflected court costs totaling $290, with four days of previously-served jail time to be credited toward those costs. No fine or restitution was assessed. The judgment contained a recitation regarding his ability to pay: "[A]fter having conducted an inquiry into Defendant's ability to pay, as directed by Article 42.15, Code of Crim. Proc., the Court ORDERS Defendant to pay the . . . court costs . . . as indicated above and further detailed below." The judgment further stated, "Upon

4

release from confinement, the Court ORDERS Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any . . . court costs . . . due." The clerk prepared and filed a bill of costs reflecting the total amount of costs assessed as $360.

The original certification of Vasquez's right to appeal stated that he had waived the right of appeal. Following abatement by this Court, the trial court held a hearing and signed a new certification of Vasquez's right to appeal. This certification stated that it was a plea bargain case and that Vasquez "has the right to appeal sentencing only." This certification was signed by the trial court, Vasquez, and his appellate counsel, and it was initialed by the prosecutors present at the hearing.

## Jurisdiction

As a preliminary matter, the State points out that Vasquez's appeal is limited to sentencing issues only.[4] It asserts that none of the issues asserted by Vasquez on

---

[4]     In its brief on appeal, the State notes that it is not clear from the record on appeal what led to the trial court's changing the certification of right to appeal from finding that Vasquez had waived his right to appeal to determining that he had the right to appeal sentencing only. The State points out that Vasquez's pre-sentence waiver of his right to appeal was valid because the record demonstrates that it was made in exchange for the State's consideration in reducing the charge against him. *See, e.g.*, *Carson v. State*, 559 S.W.3d 489, 494 (Tex. Crim. App. 2018) ("[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon."); *Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017) ("Charge

5

appeal relate to sentencing, and thus, we should dismiss the entire appeal for lack of jurisdiction. Vasquez acknowledges the limited right to appeal, but he contends that his right to appeal "sentencing only" should be read to mean any issues not related to the determination of guilt or innocence. He argues in his reply brief that the trial court's "sentencing only" notation "appears to be a shorthand way of saying [that he] is entitled to appeal things other than his conviction." We disagree with Vasquez.

Although a defendant generally has the right of appeal, a valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing without the trial court's consent. *See* TEX. R. APP. P. 25.2; *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). Here, the

bargaining . . . involves questions of whether a defendant 'will plead guilty to the offense that has been alleged . . . , and of whether the prosecutor will dismiss, or refrain from bringing, other charges.'"). The State recognizes that the prosecutors who attended the hearing at least acquiesced to the change in the certification, and thus does not base its jurisdictional arguments on Vasquez's "original outright waiver of appeal and the trial court's original acknowledgment of the same." It emphasizes that its jurisdictional argument asserts that Vasquez's "current appeal exceeds the scope of the limited right of appeal the trial court granted."

certification included in the supplemental record provided a limited right of appeal, stating that Vasquez "has the right to appeal sentencing only." We cannot expand the trial court's consent to his right to appeal beyond what is stated in the certification. *See* TEX. R. APP. P. 25.2. Vasquez thus has a right to appeal "sentencing only."

"The sentence is that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law." TEX. CODE CRIM. PROC. art. 42.02; *see id.* art. 42.01, § 1(15), (17)–(18) (providing that judgment shall include term of sentence, date sentence is imposed, and date sentence is to commence). A legal sentence can include confinement for a term of years, a fine, "the fact of shock or regular probation," and sentencing enhancements. *Burg v. State*, 592 S.W.3d 444, 451 (Tex. Crim. App. 2020); *Armstrong v. State*, 340 S.W.3d 759, 766–67 (Tex. Crim. App. 2011) (noting that court costs are not part of sentence, unlike fines assessed against defendant, which are punitive in nature and part of defendant's sentence).

None of the issues advanced on appeal by Vasquez relate to his sentencing. In his first two issues, he argues that the trial court erred in assessing costs under the wrong statutory scheme and in failing to make an inquiry into his ability to pay the costs on the record. Costs, however, are not part of a defendant's sentence: "[C]ourt costs are not part of the guilt or sentence of a criminal defendant, nor

must they be proven at trial; rather, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'" *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (quoting *Armstrong*, 340 S.W.3d at 767); *see also Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009) (costs are not punitive like fines or restitution and do "not alter the range of punishment to which the defendant is subject, or the number of years assessed"); *Gipson v. State*, 428 S.W.3d 107, 109 (Tex. Crim. App. 2014) ("[F]ees and costs serve a remedial function by compensating the State for various costs associated with the criminal justice system.").[5]

Nor are Vasquez's third and fourth issues, in which he argues that the trial court failed to provide certain oral admonishments, related to his sentence. *See Burg*, 592 S.W.3d at 451 (holding that legal sentence can include confinement for term of years, fine, "the fact of shock or regular probation," and sentencing enhancements). The admonishments identified in Vasquez's briefing address rights impacted by his conviction based on his plea of guilty. Nothing in his brief

---

[5] Vasquez argues that, because costs are assessed upon conviction, they are part of "sentencing" in "cases such as this one in which the defendant's appeal is limited to 'sentencing only.'" We disagree. The imposition of court costs is mandatory under Code of Criminal Procedure article 42.16. *See* TEX. CODE CRIM. PROC. art. 42.16. Requiring a convicted defendant to pay court costs does not alter the range of punishment, and it is governed by statute. *See id,*; *see also id.* art. 103.008 (providing that defendant may file motion for correction of costs).

suggests that remanding for the trial court to provide oral admonishments would make any impact on the punishment assessed against him.

Vasquez was granted a limited right to appeal sentencing issues, and his valid waiver of appeal prevented him from appealing any other issue. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (holding that absent permission to appeal from trial court, valid waiver of appeal prevents defendant from appealing any issue in case). Consequently, because Vasquez did not assert any issue on appeal related to punishment, we are without jurisdiction to consider this appeal. *See* TEX. R. APP. P. 25.2(d); *Monreal*, 99 S.W.3d at 622–23 (holding that appellate court did not err in dismissing appeal where appellant failed to obtain trial court's permission to allow appeal despite valid waiver); *see also Hopfenspirger v. State*, No. 06-23-00029-CR, 2023 WL 5541123, at *2 (Tex. App.—Texarkana Aug. 29, 2023, pet. filed) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction when none of issues asserted by appellant fell within limited right of appeal); *Holloway v. State*, No. 06-22-00076-CR, 2022 WL 16907335, at *1 (Tex. App.—Texarkana Nov. 14, 2022, no pet.) (mem. op., not designated for publication) (holding that, because of appellant's specific plea agreement with State limiting his right to appeal on sentencing only, he did not have trial court's permission to raise guilt/innocence issues addressed in his brief and dismissing appeal for want of jurisdiction); *Dora*

*v. State*, No. 12-19-00068-CR, 2020 WL 2179378, at *2 (Tex. App.—Tyler May 6, 2020, no pet.) (mem. op., not designated for publication) (dismissing issue for want of jurisdiction because argument exceeded scope of limited right of appeal).

**Conclusion**

We dismiss the appeal for lack of jurisdiction.

Richard Hightower
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.

Publish. TEX. R. APP. P. 47.2(b).