

# NUMBER 13-26-00156-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EMILY ANN HUTCHINS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

## ON APPEAL FROM THE 432ND DISTRICT COURT
## OF TARRANT COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Chief Justice Tijerina**

Pursuant to a charge bargain with the State[1], appellant Emily Ann Hutchins

pleaded guilty to the first-degree felony offense of aggravated promotion of prostitution

---

[1] "Charge bargaining . . . involves questions of whether a defendant 'will plead guilty to the offense that has been alleged or to a lesser or related offenses, and of whether the prosecutor will dismiss, or refrain from bringing, other charges.'" *Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017) (quoting *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003)).

without a sentencing recommendation from the State, and the State dismissed other charges against her.[2] *See* TEX. PENAL CODE § 43.04(b). After holding a contested sentencing hearing, the trial court sentenced appellant to thirty years' incarceration. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.[3]

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.*

---

[2] This appeal was transferred to this Court from the Second Court of Appeals pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001.

[3] We note that appellant's counsel states that the Court lacks jurisdiction over this appeal because appellant entered a charge agreement with the State and waived her right to appeal. A presentence waiver of the right to appeal is unenforceable if the punishment is unknown when the waiver was signed and there is nothing in the record showing that the waiver was part of the plea agreement. *Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006) ("When a presentencing waiver of appeal was not bargained for in exchange for an agreed upon sentence, concerns as to the validity of the waiver are raised. This concern led us to conclude in [prior opinions] that presentencing waivers are not binding because they cannot be made knowingly, voluntarily, and intelligently."); *cf. Blanco v. State*, 18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (determining that the waiver of appeal was valid because the defendant and the State agreed to the imposed sentence and therefore the defendant was aware of the consequences of waiving his appeal).

Here, appellant waived a record of the plea hearing and signed a boilerplate waiver of her right to appeal prior to being sentenced by the trial court. In addition, there was no agreement as to a sentence, and there is nothing in the record showing that appellant waived her right to an appeal pursuant to her agreement with the State. At the sentencing hearing appellant agreed "to go open to the Court without a [sentencing] recommendation from the State." Therefore, we conclude that appellant's presentence waiver of the right to appeal is unenforceable as the punishment was unknown when the waiver was signed and there is nothing in the record showing that the waiver was part of the charge bargain; thus, we cannot conclude the waiver was knowing and intelligent when made. *See Ex parte Delaney*, 207 S.W.3d at 798 ("When the punishment that may be assessed if guilt is adjudicated is not certain, the validity of a pretrial waiver of appeal is in question because the waiver cannot be knowing and intelligent when potential errors cannot be anticipated and the consequences of the waiver are unknown."). Appellant has the right to appeal, and we have jurisdiction over appellant's appeal. *See id.* ("Because his waiver was not knowing and intelligent concerning the punishment phase of trial, Applicant's pretrial waiver of appeal does not prevent appeals from his sentence.").

2

Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of her rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant did not file a pro se response.[4]

---

[4] Appellant filed a motion for access to the appellate record, which was sent to her.

3

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise her of her right to file a petition for discretionary review.[5]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[5] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
25th day of June, 2026.

5